HOPPER, McGAW & CO., INC., *vs.* ANDREW KELLY.

*Automobile Collision—Intersecting Streets—Statutory Rules of
the Road—Negligence—Evidence—Measure of Damages.*

A witness who testified that he rode in an automobile every
day, and when in an automobile observed the speedometer,
could testify as to the speed of a truck at the time of an acci-
dent.                                                    p. 166

That, in an action for injury to an automobile, the declara-
tion alleged that the automobile was wrecked and rendered
almost a complete loss, but no claim was made for the cost
of repairing it, did not make the measure of damages the value
of the automobile at the time of the accident, rather than that
ordinarily recognized in the case of injury to personal prop-
erty, not totally destroyed, being the cost of repairing it, to-
gether with the value of its use during the time required for
repairs.                                          pp. 166, 167

In an action for injury to plaintiff's automobile, it was proper to instruct the jury that if they found for plaintiff, then in estimating the damages they were to consider the material damage caused to the automobile at the time of the accident, and to allow him such damages as in their opinion would be a fair and just compensation for the reasonable cost of necessary repairs to said car growing out of the injury to the car.                                    pp. 163, 167

In an action on account of injury to plaintiff's automobile, the testimony of a witness, who superintended the repair of the car after the injury, as to what work was done in making the repairs and the fair value of the work, was sufficiently definite to be submitted to the jury.                    p. 167

In an action for injury to plaintiff's automobile, caused by a collision at a street intersection, with defendant's truck, approaching from the left, it was proper to grant a prayer instructing the jury as to the statutory rules of the road, and further instructing them that, if they found that defendant's truck was on the left of the center of the street, and the collision was caused by the failure of defendant's agent to keep to the right of such center, or to give the right of way to plaintiff's car, and if they further found that plaintiff's driver was exercising due care immediately preceding the accident, then their verdict should be for plaintiff, the evidence not disclosing any facts justifying a violation of the statutory rules by defendant's agent.                                    pp. 168, 169

The violation of a statute or ordinance will not support an action for damages on account of an injury sustained, unless such violation is the proximate cause of the injury.        p. 169

Code, art. 56, sec. 163, authorizing a vehicle overtaking another going in the same direction to pass to the left of the vehicle overtaken, provided the way ahead is clear of approaching traffic, and the operator signals the vehicle to be passed, and prohibiting a vehicle from passing another from the rear at or near the top of a hill, or on a curve when the view is obstructed, or while the vehicle is crossing an intersecting highway, does not prohibit the driver of an automobile, which has been "trailing" a street car, from proceeding straight ahead, without blowing his horn, when the street car, turning into an

intersecting street, has gone far enough around the curve to enable him to pass.                                      pp. 169, 170

In such case the street car, turning into the intersecting street, is not a vehicle crossing such a street, within the meaning of the statute.                  ·                        p. 170

The meaning of such statutory provisions is that when the vehicle ahead and the vehicle in the rear are proceeding on a curve, and the view ahead is obstructed, or when they are crossing an intersecting road, the vehicle in the rear shall not pass the one ahead.                                       p. 170

Where the plaintiff's evidence does not disclose any negligence or want of care on his part, the burden of proof is on defendant to show contributory negligence.            p. 170

The fact that defendant's driver, in crossing from the right to the left of the center of the street, in front of a street car, obeyed the signal of the motorman of the latter, did not change the negligent character of his act in so doing, or relieve him of its consequences.                                  pp. 170, 171

*Decided February 13th, 1924.*

Appeal from the Baltimore City Court (STUMP, J.).

Action by Andrew Kelly against Hopper, McGaw & Company, Incorporated. From a judgment for plaintiff in the sum of $850, defendant appeals. Affirmed.

Plaintiff's first prayer was as follows: The court instructs the jury that if they shall find a verdict for the plaintiff in estimating the damages they are to consider the material damage caused to the automobile of the plaintiff at the time of the accident, and to allow him such damages as in the opinion of the jury will be a fair and just compensation for the damages which he has sustained.

The court modified this prayer to read as follows: The court instructs the jury that if they shall find a verdict for the plaintiff, then in estimating the damages they are to consider the material damage caused to the automobile of the plaintiff at the time of the accident, and to allow him such damages

as in the opinion of the jury will be a fair and just compensation for the reasonable cost of necessary repairs to said car growing out of the injury to the car.

The cause was argued before Boyd, C. J., Thomas, Pattison, Urner, Stockbridge, Adkins and Offutt, JJ.

*William L. Henderson,* with whom were *Aubrey Pearre, Jr.,* and *Stewart & Pearre* on the brief, for the appellant.

*Paul M. Higinbothom,* with whom were *Wm. Curran* and *Paul A. Sullivan* on the brief, for the appellant.

Thomas, J., delivered the opinion of the Court.

This appeal is from a judgment recovered by the appellee against the appellant in the Baltimore City Court for damages to his automobile alleged to have been caused by the negligence of the agent or servant of the appellant.

The record contains three exceptions, the first and second of which are to rulings of the court below on the evidence, and the third to the granting of plaintiff's first prayer, as modified, and his second prayer, and the overruling of the special exceptions to those prayers, and the rejection of defendant's first, seventh and eighth prayers.

The accident which gave rise to the suit occurred about 12.30 o'clock in the afternoon, at the intersection of Madison and Aisquith Streets, in Baltimore City. Madison Street runs east and west and Aisquith Street north and south, and the evidence shows that there are two street car tracks on Madison Street, which, going west, turn to the left at the intersection of said streets and go south down Aisquith Street. At the time of the accident the plaintiff's automobile, a Paige car, was being driven by the plaintiff's nephew. He was driving west on Madison Street and trailing a street car. The street car slowed down as it approached the corner of Aisquith Street, to make the curve into Aisquith Street, and the plaintiff's car slowed down behind the street car. When the street car got far enough in or around the curve

into Aisquith Street to enable the plaintiff's car to pass, the plaintiff's car proceeded west on the right-hand side of Madison Street, passing between the street car and the north curb of Madison Street, until it collided with the defendant's automobile truck at a point west of the center line of Aisquith Street. As the street car started to turn south into Aisquith Street, the motorman saw the defendant's truck coming north on the right-hand or east side of Aisquith Street and motioned to the driver of the truck to take the right of way "over the" street car. The driver of the truck then turned the truck towards the left hand or west side of Aisquith Street and passed in front of the street car as it was making the curve into Aisquith Street. The driver of the plaintiff's car testified that, at the time his car struck the truck, his car was going about nine or ten miles an hour; that the street car slowed down as it approached the corner of Aisquith Street and he slowed down with it because he could not pass it, and that he had put his car in second gear; that the defendant's truck was on the left-hand side of Aisquith Street and he could not see it until he hit it. The motorman of the street car testified that the truck was going about fifteen miles an hour when it passed the street car, and that he did not hear the driver of the truck blow his horn; that he did not see the collision, but that he heard "the crash," and that, after the conductor of the street car pulled his bell for him to stop and he had stopped the car, he looked around and saw the plaintiff's car and the truck about in the center of Aisquith Street; that, when he motioned to the driver of the truck to give him the right of way over the street car, he did not know that the plaintiff's car was behind or following the street car; that he did not hear the Paige car "blowing a horn," and did not know "it was back of him." Another witness to the accident testified that when the truck turned to its left and passed in front of the street car, the street car, which was about sixty feet long, obstructed the view of the driver of the plaintiff's car; that the plaintiff's car and the truck came together at about the north

curb line of Madison Street and a little west of the center of Aisquith Street. A number of other witnesses testified, but with the exception of the evidence of the damage to the plaintiff's car and of the cost of repairing it, the evidence was practically to the same effect as that already referred to.

The plaintiff asked the witness Gately, who saw the accident, what he observed in reference to the speed of the truck at the time it passed the street car. The defendant objected to the question and the court overruled the objection, and when the witness said that the speed of the truck was "about fifteen or eighteen miles an hour," the defendant moved to strike out the answer, which the court refused to do. These rulings are the subject of the first exception, and the appellant relies upon the case of *State, use of Henderson,* v. *United Rwys. Co.,* 139 Md. 306, where JUDGE STOCKBRIDGE said in reference to a witness in that case: "He could of course have testified as to whether the car was moving rapidly or slowly, but not to fix the rate of speed as so much per hour, without having shown some special knowledge which would enable him to speak as an expert." In the case at bar the witness had testified that he rode in a car every day and that when he was in a car he observed the speedometer, and the evidence objected to not only meets the requirement of the case referred to, but its admissibility is established by numerous decisions of this Court. *United Rwys. Co.* v. *Ward,* 113 Md. 649; *United Rwys. Co.* v. *Mantix,* 127 Md. 205; *Wash., B. & A. Rwy. Co.* v. *Fingles,* 135 Md. 574.

The second exception is to the testimony of the witness Winder as to the cost of repairing the plaintiff's car. The witness had testified that he was employed by Schall-Crouch, automobile people, as "service manager," to do the work done in repairing the car and that he superintended the work, and it is not claimed by the appellant that he was not competent to testify to the fair value of the work, but he contends that as the declaration alleged that the plaintiff's "automobile was wrecked and rendered almost a complete loss to him, and no claim was made for the cost of repairing

the automobile," the measure of damages was the value of the automobile at the time of the accident. In the case of *Wash., B. & A. Rwy. Co.* v. *Fingles, supra,* this Court quoted with approval the statement in 17 *Corpus Juris,* 877, that the measure of damages for injury to personal property, which has not been totally destroyed, "is the cost of repairing (the property) together with the value of the use of the property during the time it would take to repair it," and there is nothing in the declaration in this case requiring the application of a different rule.

We see no objection to plaintiff's first prayer, as modified by the court below. It states correctly the measure of damages in such cases, and the only objection urged against it in the special exception and in the appellant's brief is the objection made to the admissibility of the evidence referred to in the second exception. The theory of the appellant is (1) that under the pleadings the plaintiff could only recover the value of the car at the time of the accident, and as there was no evidence of its value, the plaintiff could recover only nominal damages, and (2) that the evidence as to the cost of repairing the plaintiff's car was too indefinite. The first of these propositions is disposed of by what we have said in regard to defendant's second exception, and in reference to the second contention it is only necessary to refer to the testimony of the witness who superintended the work of repairing the car, and who stated that the fair value of the work was "around $800." The bill containing the items of the work was produced by the plaintiff, but the defendant objected to the witness using it to refresh his recollection, and, after stating what work had been done, he said what the fair value of the work was, without looking at the bill. The witness was competent to testify, and his testimony as to the value or cost of the work was sufficiently definite to be submitted to the jury.

The "Rules of the Road" (section 163 of article 56 of the Code, as amended by chapter 506 of the Acts of 1920) provide that all vehicles, "upon meeting others, shall turn to the

right of the center of the highway so as to pass without interference"; that "at the intersection of public highways all vehicles shall keep to the right of the center of such highways," and that "all vehicles shall have the right of way over other vehicles approaching at intersecting roads from the left, and shall give right of way to those approaching from the right." By plaintiff's second prayer the court below properly instructed the jury as to the rules referred to, and further instructed them that if they found from the evidence that the defendant's truck was on the left of the center of Aisquith Street, and that the collision was caused by the failure of the defendant's agent to keep to the right of the center of said street or to give the right of way to the plaintiff's car, and if they further found that the driver of the plaintiff's car was exercising due care and caution immediately preceding the accident, then their verdict should be for the plaintiff. The defendant's special exception to this prayer on the ground that there was no evidence legally sufficient to show that the plaintiff had the right of way or that the defendant was guilty of negligence was not pressed in this Court, but he contends that the prayer was condemned by this Court in *Chiswell* v. *Nichols,* 137 Md. 291. In that case JUDGE PATTISON said: "By plaintiff's third prayer the court was asked to direct the jury to find a verdict for the plaintiff if they found that the defendant had not complied with certain traffic rules or regulations provided by the statute. This, we think, was not a proper prayer to be granted in the case, as the jury was not permitted to consider the facts and circumstances under which he failed to comply with the statute, if he so failed, but they were told without regard to any of the facts of the case that if they found that he had not complied with such rules and regulations, their verdict should be for the plaintiff." This language could not be applied to the prayer now being considered. The evidence in the case does not disclose any facts justifying a violation of the statute by the defendant's agent, and the prayer does not rest the plaintiff's right to a verdict upon the mere finding by the jury that the defendant's agent violated the

rules of the road, but instructed the jury that it was necessary for them to also find that the accident was caused by the failure of the defendant's agent to comply with said rules, and that the driver of the plaintiff's car exercised due care and caution. While it is the settled rule in this State that the mere violation of a statute or ordinance does not of itself support an action for damages, it is also well settled that where such a violation is the proximate cause of an injury, a right of action does accrue to the party injured. In the case of *Gittings* v. *Schenuit*, 122 Md. 285, Chief Judge Boyd cited a number of authorities in support of his statement, "that the mere violation of an ordinance or statute by a defendant will not of itself support an action for injuries sustained, but that it must be shown that the act which constituted the breach of the ordinance or statute was the proximate cause of the accident." The defendant also excepted specially to this prayer on the ground that there was no evidence in the case legally sufficient to show that the driver of the plaintiff's car was using due care at the time of the accident, and in support of this exception he calls attention to the fact that the driver of the plaintiff's car did not blow his horn as he passed the street car, and quotes that part of section 163 of article 56 of the Code, as amended by chapter 506 of the Acts of 1920, which provides that any vehicle overtaking another going in the same direction shall pass to the left of the vehicle so overtaken, provided the way ahead is clear of approaching traffic and the operator signals the vehicle intended to be passed by the use of his horn or other signalling device, and that no vehicle shall pass another from the rear at the top or near the top of a hill, or on a curve when the view ahead is in any wise obstructed or while the vehicle is crossing an intersecting highway." In the case of *State use of Stumpf* v. *Balto. & Belair Elec. Ry. Co.*, 133 Md. 411, this Court held that the "Rules of the Road" in section 163 of article 56 of the Code, which contained the provisions quoted, did not apply to steam and electric railroads. But even if they did, there is no evidence in this case to show that the driver of the plaintiff's car violated those rules.

He did not overtake and pass a vehicle going in the same direction; he did not pass a vehicle from the rear "at the top or near the top of a hill or on a curve * * * or while the vehicle ahead" was "crossing an intersecting highway," but he waited until the street car got far enough in or around the curve into Aisquith Street to enable him to proceed west on the right-hand side of Madison Street. There is nothing in the rules mentioned to prohibit his doing what he did, or requiring him to blow his horn on passing a street car under such circumstances. The provisions cited by the appellant refer to vehicles going in the same direction, and what the statute means is that when the vehicle ahead and the vehicle in the rear are proceeding on a curve, and the view ahead is obstructed, or when they are crossing an intersecting road, the vehicle in the rear shall not pass the one ahead. A different construction of the statute would seriously interfere with the safe and convenient use of the highways. Where the plaintiff's evidence does not disclose any negligence or want of care on his part, the burden of proof is on the defendant to show contributory negligence, and this burden was not met by the defendant in this case. *Balto. & O. R. Co.* v. *Stumpf,* 97 Md. 78.

The defendant's first prayer sought to withdraw the case from the jury on the ground that there was no evidence in the case legally sufficient to entitle the plaintiff to recover, and is disposed of by what we have said in reference to plaintiff's second prayer. The defendant's seventh prayer asked the court to instruct the jury that if they found that the plaintiff's car passed the street car while it was crossing Aisquith Street, "the plaintiff was *prima facie* guilty of negligence." There was no evidence in the case to show that the plaintiff's car passed the street car while "the street car was crossing Aisquith Street" within the meaning of the statute, and the prayer was, therefore, properly rejected. The defendant's eighth prayer asked the court to instruct the jury that if they found that the motorman of the street car signalled to the driver of the truck to cross in front of the street car, and further found that the plaintiff's car passed the

street car while the street car was "crossing" Aisquith Street, then the driver of the plaintiff's car was *"prima facie* guilty of contributory negligence." The fact that the driver of the truck obeyed the signal of the motorman could not change the negligent character of his act in turning towards the left or west side of Aisquith Street and passing in front of the street car, or relieve him of its consequences, and the prayer was, for that reason, and for the reasons stated in reference to defendant's seventh prayer, objectionable.

Finding no error in any of the rulings of the court below, the judgment will be affirmed.

*Judgment affirmed, with costs.*