GEORGE E. SILLIK ET AL. *v.* CECELIA HOECK
[No. 2, April Term, 1935.]

*Decided May 22nd, 1935.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, MITCHELL, SHEHAN, and JOHNSON, J. J.

*Walter L. Clark* and *Roszel C. Thomsen,* with whom were *John H. Filler* and *J. Howard Murray* on the brief, for the appellants.

*Thomas M. Jenifer,* with whom were *Harry Leeward Katz* and *Jenifer & Jenifer* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

As the plaintiff, now appellee, was rounding the front of a street car to board it, she was injured by collision with a passing motor truck; and from a judgment recovered by her against the owner and the driver of the truck, the defendants have appealed. The questions are whether the evidence was legally sufficient to support the jury's finding of negligence on the part of the truck driver, and whether it requires a ruling that the plaintiff herself contributed to bring about the accident by negligence on her own part, in walking into the truck as it confronted her. Prayers for direction of a verdict for the defendants on these grounds were refused, and the exceptions taken are to the refusal. There is no material conflict in the evidence. The witnesses on both sides appear to have testified with complete honesty.

The plaintiff came hurriedly from the east on Chestnut Hill Avenue in Baltimore City to board a car south on Greenmount Avenue. As well as she could recall, she approached Greenmount Avenue on the north side of Chestnut Hill Avenue, as was her habit, but all other witnesses said she crossed diagonally from the southeast corner. Chestnut Hill Avenue does not extend west beyond Greenmount Avenue, but the street cars regularly stop for passengers on the west side, a pole standing there being marked by a white band to indicate a stopping place. When the plaintiff came in sight of the car, and the motorman saw her, the car was about a hundred feet to the north, approaching slowly. There were automobiles coming behind it, and the driver of the truck was then in a narrow width of street beside the car, to the right of it, and even with it, making an effort to pass. As the car had its speed reduced for the stop, the truck passed ahead, and at the moment when the car came to a full stop had at least its front and driver's cab clear beyond the car. The plaintiff's witnesses estimated that the full length of the truck was then beyond the front of the car. The plaintiff, knowing that the car would stop for her, assumed as she went across that there would be

no motor vehicles in her way, kept her eyes on the street car alone, did not see the truck at all, and, after hesitating at the east side of the track until the car stopped nine or ten feet to her right, stepped forward to pass around it and came in contact with a stanchion on the side of the truck, somewhere in the rear of the driver's cab. The driver, having seen no passengers waiting on the west side ahead of him, had made no allowance for the possible coming of a passenger across the front of the car, but when he saw the plaintiff coming he turned the truck away and tried to stop. He knew that Chestnut Hill Avenue met Greenmount Avenue there.

The court is of opinion that a jury might find that due and ordinary care required the driver in that situation to act in anticipation of the possible crossing of such a passenger, to take notice of the slowing down of the car for a stop, and to stop his truck or otherwise avoid the boarding passenger. And as he did not take any of these measures, we concur in the refusal to direct a verdict on the ground of lack of evidence to support a finding of negligence on the driver's part.

The question of contributory negligence on the plaintiff's part is one of more difficulty. There can be no question of the truck's having been visible, beside the car, as she walked forward. And there can be no question of its having been advancing beyond the car for a large part of about a hundred feet, for all the witnesses who spoke to that point testified that this was so. The front of the truck and the front of the car, they said, were about even when the motorman began to reduce speed. At the estimated speed of the truck, it would have passed over the distance of a hundred feet in three or four seconds. And the question is whether the plaintiff must be considered to have acted without due and ordinary care in walking forward, watching the car, and assuming that nothing was in her way, when the truck was in fact in front of her in plain sight, in her path.

The principles of law are not in dispute. While the driver of the truck was required to exercise care, the

plaintiff was likewise required to exercise ordinary care for her own safety, according to the circumstances. If she failed to exercise that care, and to perceive and avoid obvious dangers which ordinarily careful persons would have seen and avoided, she is to be taken as the author of her own injury, and is not entitled to recover. *Webb-Pepploe v. Cooper*, 159 Md. 426, 151 A. 235; *Barker v. Whittier*, 166 Md. 33, 170 A. 578.

But the court thinks there may be a doubt whether under the circumstances, in the quick movements before the collision, with the plaintiff's attention necessarily given first to the stopping of the car to permit her to cross in front of it, and then to a prompt rounding of the front and boarding the car, it might not be demanding too much of human alertness to say that the collision with the passing truck could not have occurred to one exercising ordinary care. There being such a doubt, there was, in the opinion of the court, no error in submitting the question to the decision of the jury.

*Judgment affirmed, with costs.*

PARKE and SHEHAN, JJ., dissent.