LENA CHASANOW *v.* CHARLES A. SMOUSE

[No. 6, April Term, 1935.]

*Decided May 21st, 1935.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*F. Brooke Whiting,* for the appellant.

*Walter C. Capper,* with whom was *William F. Jenkins* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

The only question submitted on this appeal is the ruling of the trial court, adverse to the plaintiff, on her first prayer, which was:

"The Court instructs the jury that the plaintiff, being a pedestrian, had the right of way at the street crossing over which she was walking at the time she was struck by the automobile of the defendant, if the jury shall find that she was struck by the automobile of the defendant while she was walking over the intersection of the street, and the jury is further instructed that if they find she was struck by the automobile of the defendant while walking across Frederick Street at its intersection with Decatur Street then their verdict shall be for the plaintiff, unless the jury shall further find that her negligence directly contributed to her injuries."

On June 8th, 1933, the plaintiff, Mrs. Lena Chasanow, with her five-year-old daughter, was going from her residence, on the east side of Decatur Street in Cumberland, to a store, on the same side of the street, at the southeast corner of Decatur and Bedford Streets. To reach her destination it was necessary to cross Frederick Street, which intersects Decatur Street at a right angle. As she was crossing Frederick Street she was struck by an automobile, owned and driven by the defendant, Charles A. Smouse, coming down Frederick Street on her right. From a judgment for the defendant, the plaintiff appeals.

The testimony of the parties, the only eye-witnesses testifying, was that neither was aware of the presence of the other until the instant the accident happened. Both streets at the intersection are so nearly level and straight that there was nothing to obstruct the view of either for a considerable distance. The plaintiff testified: "I stopped and looked both ways to see if it was safe for

me to cross * * * there was no car in sight." On cross-examination she qualified this by saying: "If I saw the car it was some distance away." "I walked straight across the street to the other side; I had no reason to go off the main traveled way because I was going straight up the street to Bedford Street." When struck she said she had almost reached her "destination, that is the west (meaning north) side or pavement of Frederick Street in going across."

The defendant, a man seventy-eight years old, testified that he was driving slowly down Frederick Street, not over six or eight miles an hour, intending to turn right at the corner. "I was watching to see that the road was clear. So all at once a woman appeared right in front of the car." He testified that there was a car passing from the opposite direction, and that "she didn't come in front of it; she must have come behind it. If she had been in front I would have seen her; and the car was going slow and the woman she just kinda reared up in front of the car and it just bumped her * * * she was off the line of the two streets. She was down in—more in the traffic section. * * * More on the roadway. * * * She was off that line at least four or five feet." The defendant denied that there was any other car in sight.

There was no boulevard or "stop" sign on either street at the time of the accident. One was placed on Frederick Street six months later.

This is the evidence to which the trial court was requested to apply the plaintiff's first (rejected) prayer.

The rule of the road with respect to the rights and duties of pedestrians and vehicles at street crossings is contained in the last paragraph but one of section 209 of article 56 of the Code (Supp. 1929), Acts 1929, ch. 224, and that is: "All pedestrians shall have the right of way at street crossings in the towns and cities of this State, except where traffic is controlled at such crossings by traffic officers." Of such a statute it was said in *Kelly v. Huber Baking Co.*, 145 Md. 321, 334, 125 A. 782, 787, that while it "may create a *prima facie* presumption of

negligence, it has never been held in this state to be negligence *per se*." But it has been held here that, before one can rely upon the violation of a statute as creating a cause of action, the violation must have been the proximate cause of the accident. *Gittings v. Schenuit*, 122 Md. 282, 90 A. 51; *Chiswell v. Nichols*, 137 Md. 291, 112 A. 363; *Hopper McGaw & Co. v. Kelly*, 145 Md. 161, 125 A. 779; *Panitz v. Webb*, 149 Md. 75, 130 A. 913; *Greer Transportation Co. v. Knight*, 157 Md. 528, 146 A. 581.

The advantage which a pedestrian may have over vehicular traffic at street crossings, as stated in *Berry on Automobiles* (4th Ed.) p. 328, sec 330, quoted with approval in *Merrifield v. C. Hoffberger Co.*, 147 Md. 134, 142, 127 A. 500, 503, is: "When two or more persons moving in different directions approach a crossing at the same time or in such manner that if both or all continue their respective courses there is danger of collision, then the one having the preference (under the law) is entitled to the first use of such crossing, and it is the duty of others to give him reasonable opportunity to do so." But the advantage or preference which the pedestrian has at a street crossing does not absolve him from the duty to observe the rule of due care and caution to avoid injury; he cannot invoke the protection of the statute or rule of the road if he blindly crosses without looking for approaching traffic. The rule has no application unless the pedestrian uses the defined or accustomed way to cross the street [*Legum v. State, use of Moran*, 167 Md. 339, 173 A. 565] and does not entitle a pedestrian to the benefit of the rule everywhere within the four boundaries of such an intersection as is here in evidence. So far as this case is concerned, the rule of the road gave the plaintiff the preference between the curb and building line on the east side of Decatur Street projected across Frederick Street.

The plaintiff's first prayer as offered is subject to the same criticism as the plaintiff's fifth prayer in the case of *Dashiell v. Jacoby*, 142 Md. 330, 340, 341, 120 A. 751, and that is that it did not confine the plaintiff's right or

preference to the crossing over Frederick Street defined or marked by the projection of the east sidewalk on Decatur Street. The prayer as submitted gave her "the right of way at the street crossing over which she was walking at the time she was struck * * * if the jury shall find that she was struck by the automobile of the defendant while she was walking over the intersection of the street." This was calculated to give the jury the impression that she had the right of way, no matter where, within the intersection of the two streets where the accident happened, whereas the statutory right of way is confined to "street crossings," and there was evidence, contradictory of hers, that "she was off that line four or five feet," "more in the traffic section." We think the trial court properly refused this prayer.

*Judgment affirmed, with costs.*