SHERIFF MOTOR COMPANY ET AL. *v.* STATE, USE
OF JEANNETTE PARKER
[No. 40, April Term, 1935.]

*Decided June 18th, 1935.*

The cause was argued before BOND, C. J., URNER, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*William L. Marbury, Jr.,* and *Julian de Bruyn Kops, Jr.,* with whom were *Marbury, Gosnell & Williams* on the brief, for the appellants.

*Herbert L. Grymes,* for the appellee.

MITCHELL, J., delivered the opinion of the Court.

After verdict, the appellants, the defendants below, filed a motion for a new trial; whereupon, the appellee, the plaintiff below, moved that on the consideration of the appellant's motion for a new trial they elect to waive their exceptions taken in the case to rulings and instructions of the court. This latter motion was overruled by the trial court, and the motion for a new trial was heard without putting the defendants to the condition precedent of waiving said exceptions.

At the conclusion of the hearing on the motion for a new trial, the court below ordered that the motion be granted, unless the appellee, within ten days from the date of its order, filed a *remittitur* to the extent of $1,300 upon the original verdict for $3,800. This order the appellee complied with.

The appellee, under the above state of facts, now moves to dismiss the appeal before us, and, before considering the other facts in this case for the purposes of this opinion, we will first dispose of that motion.

There is authority in this state for trial courts to exact conditions for granting new trials. The privilege of granting them rests in their sound discretion, and from the regular exercise of that discretion no appeal will lie. In addition to this authority, in cases in which the grounds presented by the exceptions and those presented in the motion for a new trial are identical, trial courts may impose conditions such as invoked by the motion now under consideration; the logical purpose being to

facilitate the settlement of cases and thereby bring litigation to a speedy conclusion.

But it being apparent that the trial court did not require the appellants to make the election, we think the case is properly before us. *2 Poe, Pl. & Pr.* 344; *Lee v. Tinges,* 7 Md. 215; *Waters v. Waters,* 26 Md. 53; *Brawner v. Hooper,* 151 Md. 579, 135 A. 420. The motion to dismiss the appeal is therefore overruled.

At the hearing in this court, all exceptions to rulings on evidence and prayers were abandoned by the appellants, except the ruling on their "B" prayer for an instruction for a directed verdict because of contributory negligence on the part of the plaintiff's decedent, which prayer was rejected. Primary negligence on the part of the defendant's driver was conceded.

This action was brought under Lord Campbell's Act, for the use of Jeannette Parker, widow of John Parker, who was killed on the morning of February 23rd, 1934, on Boston Street, at its intersection with Streeper Street, in the City of Baltimore. The circumstances of the fatal accident are as follows:

John Parker, an employee of the Tin Decorating Company, in company with a number of fellow employees, was going to his daily work. The plant of the company is located at the intersection of the two streets, and on the south side of Boston Street, which is forty feet wide, and which runs east and west. Streeper is a dead end street running north from Boston Street, and is twenty feet in width. The deceased walked along the sidewalk on the north side of Boston Street, in an easterly direction, until he reached the northwest intersection of the two streets. At that intersection, he attemped to cross to the south side of Boston Street, and was walking south, along the established and usual route for pedestrian travel, when struck by a motortruck driven west on Boston Street. According to stipulations filed in the case, the truck belonged to the Sheriff Motor Company, and was being operated by James J. De Angeles, its agent, who was also engaged upon the business of the

Petroleum Heat & Power Company. The driver and the two companies above named comprise the three defendants in the case, and it is conceded that Mr. Parker died as a result of the accident.

The testimony is undisputed that the streets were covered with ice, and that the truck was being driven at a greater rate of speed than such street conditions warrant.

George H. Borcherding, a fellow employee of the deceased, testified that his attention was attracted by the screeching of brakes, as he crossed Boston Street, and that he looked and saw the truck skidding. At the time it was approximately fifty feet east of Streeper Street, and was traveling at a good rate of speed, and stopped fifty feet west of Streeper Street. He did not hear a horn blow. There were no traffic lights, and no policeman was on duty at the intersection. Practically to the same effect, William A. Briean testified. He saw the truck fifty feet east of Streeper Street, noticed it skidding with its wheels locked; that, in that manner, it traveled to a point fifty feet west of Streeper Street, or a distance of approximately one hundred and twenty feet, and that the bed of Boston Street was covered with four or five inches of ice from curb to curb.

Charles H. Weller appears to have been the only eyewitness to the accident. He saw the deceased about five feet from the north curb of Boston Street, crossing in the pedestrian lane, as the witness was standing on the curb, and about to cross the street. At the same time, he saw the truck at least forty feet up Boston Street, east of Streeper Street. The truck was approaching at a rapid rate of speed and was skidding along in ruts in the ice which had been worn by other vehicles. It was apparently out of the control of the driver, and the testimony tends to show that it left a skid mark of the length of one hundred and twenty-five feet at a point where the grade of Boston Street was level.

On cross-examination, the witness Weller was apparently confused when examined as to prior testimony he

is alleged to have given in a former case growing out of the same accident, wherein it was alleged he had stated that, as the deceased stepped beyond the line of an automobile parked at the northwest intersection of the two streets, the truck was but three feet away.

These two statements are obviously in conflict, and are further confused by a modification that the truck was from "three to six feet" away. It can hardly be expected that, in the excitement of witnessing a fatal accident, one can with exact accuracy gauge the time and distances involved in such a tragedy; and it must be borne in mind that it consumes but a flash of time for a motor vehicle, recklessly driven, as the undisputed evidence shows to have been the fact in the instant case, to travel from a point which the deceased may have thought to be sufficiently far away for him to cross the street in safety, to the point of the accident.

It should be remembered that the plaintiff's decedent was struck at a street crossing, and that the rule of the road with respect to the rights and duties of pedestrians and vehicles at street crossings is contained in the last paragraph but one of section 209 of article 56 of the Code, repealed and re-enacted by Act of 1929, ch. 224, which is: "All pedestrians shall have the right of way at street crossings in the towns and cities of this State, except where traffic is controlled at such crossings by traffic officers."

While the advantage or preference accorded the decedent by the above-quoted section did not absolve him from the duty to observe the rule of due care and caution to avoid the injury, and while the record is entirely silent as to whether the deceased looked in either direction before stepping from the curb or at any time thereafter, up to the moment of the collision, there is no testimony that he did not look. It is conceded that it was his duty to look, and if he had looked, according to the weight of testimony, he would have seen the truck at least seventy feet away, and with knowledge that he, and not the truck, had the legal right of way, he would

have been fully warranted in attempting to make the crossing.

Having looked and assumed that it was safe to cross over the street, it was not incumbent upon him to keep his eyes fixed upon the approaching truck. He was walking on a slippery street, and it was important for his own safety to watch his step. In the absence of any evidence as to whether he looked in the direction of the truck, he is presumed to have used such reasonable care as would have been required of him. Or as well stated in the opinion of the learned judge before whom this case was tried below, upon overruling the motion for a new trial: "In Maryland the law is well established that the burden of proving contributory negligence is on the defendant. There is no burden on the plaintiff to free himself from the charge of contributory negligence. See, for example, the cases of *Consolidated Gas etc. Co. v. Rudiger,* 151 Md. 226, 236, 240, 134 A. 326; *Caroline County v. Beulah,* 153 Md. 221, 223, 138 A. 25. This can mean only that, in the absence of any proof of negligence, appearing either in the plaintiff's or defendant's evidence, the plaintiff is presumed not to have been negligent, or at least that the question of his negligence is one for the jury. Moreover, in death and other cases, effect has been given to the known disposition of men to act prudently to avoid danger and thus are entitled to the presumption that they did act with due care. *State, use of Pachmayr v. Balto. & O. R. Co.,* 157 Md. 256, 262, 145 A. 611, 613, and cases there cited. 'Before the victim of the accident can be judicially declared to have been guilty of contributory negligence, we must give due consideration not only to all inferences of fact tending to support the opposite view, but also to the important presumption that he exercised ordinary care for his own safety.' "

And in *Merrifield v. C. Hoffberger Co.,* 147 Md. 134, 127 A. 500, 501, where a prayer similar to the one now under consideration was granted below and the ruling reversed on appeal, this court said: "In granting the

defendant's prayer the lower court decided, as a matter of law, that the evidence adduced on behalf of the plaintiff affirmatively proved that the plaintiff was guilty of contributory negligence. Whether or not this is true, is the single question raised by the appeal, and, in order for us to determine it, we must examine the evidence presented by the record. Before doing this it may be well to state that the law, as declared by this court and supported by the great weight of authority elsewhere, is that, to justify the trial court in withdrawing the case from the consideration of the jury on the ground of contributory negligence by the plaintiff, the evidence must show some prominent and decisive negligent act on the part of the plaintiff which directly contributed to the accident, and was the proximate cause thereof, and that this negligent act must be of so prominent and decisive a character as to leave no room for difference of opinion thereon by reasonable minds. *Baltimore & O. R. Co. v. State, use of Hendricks,* 104 Md. 76, 84, 64 A. 304; *Cooke v. Traction Co.,* 80 Md. 551, 558, 31 A. 327; *Taxicab Co. of Baltimore v. Emanuel,* 125 Md. 246, 93 A. 807. In the case last cited at page 259, 93 A. 807, we said: 'The act relied on to establish as a matter of law the existence of contributory negligence must be distinct, prominent, and decisive, and one about which ordinary minds would not differ in declaring it to be negligent. Where the nature and attributes of an act, relied on to show negligence contributing to an injury sustained, can only be determined correctly by considering all the attending and surrounding circumstances of the transaction, it falls within the province of the jury to pass upon and characterize it, and it is not for the court to determine its quality as matter of law.' "

Being of the opinion that the case was properly submitted to the jury, we accordingly affirm the ruling of the lower court.

> *Judgment affirmed, with costs to the appellee.*