STATE, FOR THE USE OF SADIE M. PARKS, WIDOW, ET AL. *v.* CHARLES W. INSLEY

[No. 46, October Term, 1942.]

*Decided January 27, 1943.*

The cause was argued before SLOAN, DELAPLAINE, COLLINS, MARBURY, and GRASON, JJ.

*Paul F. Due,* with whom were *Charles P. Coady, Jr., Due, Nickerson & Whiteford* and *Rignal W. Baldwin, Jr.,* on the brief, for the appellants.

*Roszel C. Thomsen* and *Clater W. Smith,* with whom were *Clark, Thomsen & Smith* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This is a suit brought under the Workmen's Compensation Act (titled as if brought under Lord Campbell's Act) for the use of Sadie M. Parks, widow of Roland C. Parks, deceased, and for the use of Oxford Cabinet Company (a Pennsylvania corporation), his employer, appellants, against Charles W. Insley, appellee, the owner and operator of the automobile by which Roland C. Parks was killed. From a judgment for the defendant, on a directed verdict, the equitable plaintiffs appeal.

At the time of his death, Mr. Parks was in the employ of the Oxford Cabinet Company (of Pennsylvania), and his widow was awarded compensation, after the decision in *Oxford Cabinet Co. v. Parks,* 179 Md. 680, 22 A. 2d 481, and the equitable plaintiffs sue over under Section 72, Article 101, Code (1939).

At the conclusion of the plaintiff's case, the defendant offered a motion for a directed verdict because:

"1. There is no evidence in the case legally sufficient to entitle the plaintiff to revocer against him.

"2. He has not been shown to have been guilty of any negligence.

"3. The uncontradicted evidence shows that the deceased was guilty of negligence directly contributing to his death.

"4. The sole proximate cause of the accident was negligence on the part of the deceased.

"5. It appears from the evidence offered by the plaintiff that the injury to and death of the deceased may have been the result of his own negligence or of defendant's

negligence, and the plaintiff has therefore not met the burden of proof."

The trial judge, in passing on the motion, said that in his opinion there was legally sufficient evidence of the defendant's negligence, but that the evidence also showed such lack of care and caution on the part of the deceased as to hold him guilty of contributory negligence.

The only contention of the equitable plaintiffs on the appeal is the ruling of the court with respect to contributory negligence; nothing else is discussed by them or decided by this court.

The accident occurred on September 25, 1940, about 7.15 in the morning, on Harford Road in Baltimore City, about midway between Markley and Grindon Avenues in front of Knecht's Filling Station. A misty rain was falling. The appellee's car was northbound on Harford Avenue; the deceased, Parks, was evidently crossing from the east to the west side of Harford Road. Harford Road, at the place of the accident, is 63.5 feet between curbs. Two car tracks occupy 15.5 feet in the center of the road, and it is 24 feet from the curb on each side to the nearest rail. The defendant is the only witness who saw the accident happen, and his evidence is in the record by deposition, taken under the pre-trial rule of the General Rules of Practice and Procedure effective September 1, 1941.

The defendant's car was running in the northbound railway track, and hit the deceased when the latter had reached the first or east rail, the right front part of the car striking him. He was thrown toward the car, hitting and crashing into the right side of the right windshield and the right corner post of the windshield frame, which was dented; the man landed on the right front fender, and was carried there a short distance until thrown off in the street.

There were two other witnesses who testified, but they did not see the impact; they couldn't have known anything until they heard the crash of the victim with the defendant's windshield; neither of them saw the de-

fendant's car, nor the deceased until after the impact of the defendant's car and the deceased. Their testimony is nothing but conclusions as to what had happened, so that they were making themselves jurors instead of witnesses to facts.

What happened was this: The motorist, defendant, was going north on the right of the center of the Harford Road on the way to work with some passengers, or riders, bound for the Martin Plant. The deceased, Parks, had parked his car on the east side of the Harford Road in the middle of a block. He wanted to walk across Harford Road. There was every reason for him to know that he was crossing between intersections, two lanes of traffic on each side of the road; there was no reason for the defendant to expect pedestrians between intersections, who are under the obligation to exercise greater care for their safety than at intersections. *Lusk v. Lambert,* 163 Md. 335, 163 A. 188; *Ebert Ice Cream Co. v. Eaton,* 171 Md. 30, 187 A. 865. In this case the one who had the right of way was the defendant; the one whose duty it was to respect it was the deceased. The position of the equitable plaintiffs is no better than the deceased's would have occupied had he been injured and himself sued, and theirs is no better than the plaintiff's in *Gitomir v. United Railways,* 157 Md. 464, 146 A. 279, where the plaintiff said she looked but did not see the street car which was approaching from the rear, and this court said and held that if she did not see what was obvious to everyone who did or might have looked, that her testimony had no probative value.

The defendant testified that he was going, at the time, about twenty-five miles per hour, which was the legal' limit, while the plaintiffs rely on the testimony of a fireman, that when he saw the defendant's car, after his attention was attracted by the crash, which could only have been when he plunged into the windshield, it was that he was going forty to fifty miles per hour. If the defendant was driving at any such speed he stopped in an incredibly short space. He apparently was drawing

his conclusion from the results, rather than the cause. It is on the testimony of the fireman that the plaintiffs seem to base their case as to speed as evidence of negligence. Assuming this, however, to make a case of negligence, we are reminded that in *Kelly v. Huber Baking Company*, 145 Md. 321, 334, 125 A. 782, 787, we said that while speed in excess of the lawful limit "may create a *prima facie* presumption of negligence it has never been held in this State to be negligence *per se.*" *Gittings v. Schenuit*, 122 Md. 282, 90 A. 51; *Chiswell v. Nichols*, 137 Md. 291, 112 A. 363; *Hopper, McGaw & Co. v. Kelly*, 145 Md. 161, 125 A. 779; *Panitz v. Webb*, 149 Md. 75, 130. A. 913; *Greer Transportation Co. v. Knight*, 157 Md. 528, 529, 146 A. 851. In *Chasanow v. Smouse*, 168 Md. 629, 632, 178 A. 846, 847, we said that one "cannot invoke the protection of the statute or rule of the road if he blindly crosses without looking for approaching traffic," which it is evident the deceased did in this case.

If we did not affirm the decision of the trial judge in this case it would be the overruling of the decisions in *Webb-Pepploe v. Cooper*, 159 Md. 426, 151 A. 235; *Barker v. Whittier*, 166 Md. 33, 170 A. 578; *Thompson v. Sun Cab Co.*, 170 Md. 299, 184 A. 576, and this we decline to do.

*Judgment affirmed, with costs.*