SUN CAB COMPANY, INC. ET AL. *v.* CIALKOWSKI

[No. 241, September Term, 1957.]

*Decided June 13, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Frederick J. Green, Jr.,* with whom was *James J. Lindsay* on the brief, for the appellants.

*Bernard M. Goldstein,* with whom was *Marvin I. Singer* on the brief, for the appellee.

BRUNE, C. J., delivered the opinion of the Court.

This is a street crossing accident case involving a pedestrian, the plaintiff, Cialkowski, and a motor vehicle, a taxicab owned by the corporate defendant, Sun Cab Company, Inc., and operated by one of its employees, Harry Goldberg, the individual defendant. The crossing at which the accident occurred is controlled by an automatic traffic light. The plaintiff was endeavoring to cross Pratt Street from the south-

west to the northwest corner at its intersection with Carey
Street, in the City of Baltimore, when he was struck by the
defendants' cab. The accident occurred at about 8:45 A.M.
on August 9, 1956. The taxicab was eastbound on Pratt
Street. The defendants moved for a directed verdict in their
favor at the conclusion of the whole case. This motion was
overruled and the case was submitted to the jury on questions
of primary negligence on the part of the defendants and of
contributory negligence on the part of the plaintiff. The jury
returned a verdict for the plaintiff, and the defendants filed
a motion for judgment *n.o.v.* (and in the alternative for a
new trial). Each was denied, and judgment on the verdict in
favor of the plaintiff was made absolute. The defendants ap-
peal.

On appeal the defendants concede that there was sufficient
evidence to take the case to the jury on the issue of primary
negligence. They seek reversal on the alleged contributory
negligence of the plaintiff and certain errors in the trial court's
instructions to the jury.

The case is clearly one in which the plaintiff was struck
while in the crosswalk. No lengthy recitation of testimony
would serve any useful purpose. We are bound to consider
the question of whether or not the plaintiff was guilty of con-
tributory negligence as a matter of law in the light of all the
inferences most favorable to the plaintiff's case that may
fairly be deduced from the evidence. *Baltimore Transit Co.
v. State, Use of Castranda,* 194 Md. 421, 71 A. 2d 442; *Eisen-
hower v. Baltimore Transit Co.,* 190 Md. 528, 59 A. 2d 313;
*Patapsco & Back Rivers R.R. Co. v. Bowers,* 213 Md. 78,
129 A. 2d 802; *Katzel v. Clark,* 215 Md. 54, 137 A. 2d 125.

There was evidence to show that the plaintiff had gotten
out of an automobile near the intersection, that he had walked
up to the corner, had greeted two friends briefly while wait-
ing for the traffic light to change in his favor to green, that
while standing on the corner he had looked to his left and
had seen the defendants' cab at a distance of about three-
quarters of a block from the corner, that he had stepped out
into the crossing when the light changed to green for north-
south traffic and that he was struck when he had gone about

six feet into the street. There was also some testimony that the speed of the cab was about 35 miles per hour, though the speed limit was 25 miles an hour. The defendants adduced testimony contradictory of the plaintiff's in some material respects, but the controverted questions of fact were clearly for the determination of the jury.

The defendants' principal contention is that the taxicab was plainly visible and that the plaintiff was guilty of contributory negligence because he stepped into its path at a time when the cab was so close that it could not be stopped in time to avoid the accident. It may be agreed that a pedestrian at a crosswalk has some obligation to observe the rule of due care and caution to avoid injury. *Chasanow v. Smouse,* 168 Md. 629, 178 A. 846; *Sillik v. Hoeck,* 168 Md. 639, 178 A. 852. On the basis of the evidence above summarized, we do not think that it can be said that it is established that the plaintiff did not use due care. There is testimony here that the pedestrian did look and did see the cab at a substantial distance and that he then started across the street in the crosswalk with the traffic light in his favor. In that situation he is clearly entitled to the benefit of Code (1957), Art. 66½, § 193 (a) (1) and (2), which provides (among other things) that whenever traffic is controlled by signals exhibiting different colored lights successively, all vehicles shall yield the right of way to pedestrians lawfully within the intersection at the time such signal is exhibited and that pedestrians facing the signal may proceed across the roadway within any marked or unmarked crosswalk. This Section changed the prior law with regard to intersections controlled by traffic lights as determined in *Panitz v. Webb,* 149 Md. 75, 130 A. 913, decided under what is now § 236 (a) of Art. 66½ of the 1957 Code, which is derived from Ch. 506 of the Acts of 1920. See *Caryl v. Baltimore Transit Co.,* 190 Md. 162, 58 A. 2d 239. We think that on the evidence the jury could properly have found that the plaintiff had the right of way and that he was not bound to anticipate that the driver of the taxicab would not respect it. *Caryl v. Baltimore Transit Co., supra; Wintrobe v. Hart,* 178 Md. 289, 13 A. 2d 365, in which contentions made by the

defendant, which were very similar to those made by the defendants here, were rejected. See also *Legum v. State, Use of Moran,* 167 Md. 339, 173 A. 565; and *Sheriff Motor Co. v. State, Use of Parker,* 169 Md. 79, 179 A. 508; and *cf. Henderson v. Brown,* 214 Md. 463, 135 A. 2d 881.

The defendants claim that the trial court should have granted instructions requested by them to the effect, first, that, regardless of the color of the traffic light, if the plaintiff failed to look before stepping out into the street, and second, that, regardless of whether it was his duty to look, if he did look but failed to see the taxicab, then in either event he was guilty of contributory negligence. We do not think that, in view of the evidence above referred to that the plaintiff did look and did see the cab at a substantial distance, the first of these requested instructions should have been given; and the second would not have been proper in the face of that testimony and in view of *Wintrobe v. Hart, supra.*

Also, in view of the evidence above mentioned, and considering the trial court's instructions as a whole, particularly those relating to contributory negligence, we do not think that undue emphasis was placed upon the question of who had the green light by the court's statement that the case really boiled down to that question. It was a vital question under § 193 of Art. 66½, *supra,* and in view of the conflict in the testimony as to the circumstances under which the plaintiff stepped out into the street, it seems to have been the most important question as to both the plaintiff's right of way and his alleged contributory negligence. We think that the latter question was adequately submitted to the jury; and under *Baltimore Transit Co. v. State, Use of Castranda, supra,* it was proper to submit it to the jury.

The defendants also complain of the instructions with regard to speed and skid marks. The court told the jury that "skid marks standing alone are not an indication of speed." Even the most captious defendant could scarcely have objected to that charge, and these defendants have not done so. They do object, however, to a statement made later in the same paragraph of the charge. The trial judge referred to different estimates of speed, which varied from 15 to 35 miles

per hour in a zone where the speed limit was 25 miles per hour, and he then stated that speed alone was not the sole basis of negligence, and that neither were skid marks. We find no error in these instructions. The speed of the cab was a factor in this case where the pedestrian plaintiff's right of way at a street crossing was invaded, and it may well have been a proximate cause of the plaintiff's injuries. *Sun Cab Co. v. Faulkner,* 163 Md. 477, 163 A. 194, relied upon by the appellants, deals with quite a different situation. There it was held that the proximate cause of an automobile collision was not the rate of speed of the vehicle having the right of way by virtue of a green light traffic signal, but that the other vehicle unexpectedly came through a red light in violation of the right of way of the first vehicle. The speed of the first vehicle, even if negligent, was held not to have threatened to have caused the collision, and the collision was held to have resulted from the intervention of an independent agency not set in motion or influenced by the driving of the first vehicle. *Sun Cab Co. v. Cusick,* 209 Md. 354, 121 A. 2d 188, is in general similar to the *Faulkner* case, except that it involved a boulevard intersection rather than one controlled by a traffic light.

Taking both of the court's above references to skid marks together, we find no prejudice to the defendants on that subject.

In accordance with the above views, the judgment is affirmed.

*Judgment affirmed, with costs.*