## JACKSON *v.* YELLOW CAB COMPANY

[No. 202, September Term, 1959.]

368

*Decided May 12, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Milton Talkin,* for appellant.

*Frederick J. Green, Jr.,* with whom was *C. MacNair Speed* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

A pedestrian's hand and wrist came in contact with the rear door of a taxi while she was standing on the concrete island in the middle of North Avenue, where she had taken refuge at the changing of the traffic light as she was crossing the street. The jury returned a verdict for the owner of the taxi (in a previous trial the jury could not agree) and, in her appeal, the pedestrian urges that the trial judge erred in not instructing the jury that since she had embarked on her journey in the crosswalk on a green light, her right of way continued until she had reached the far side of the street.

There can be no doubt that the contention, as a proposition of law, is sound. It is settled that a pedestrian starting across an intersection with a favorable signal has the right to complete the trip even though the light changes in the course of the passage. *Packer v. Hampden Transfer & Storage Co.,* 206 Md. 407; *Caryl v. Baltimore Transit Co.,* 190 Md. 162, 168; *Heffner v. Admiral Taxi Service,* 196 Md. 465, 472. It is likewise true that if the pedestrian exercises or insists

upon his right of way he rarely is guilty of contributory negligence as a matter of law. In *Brown v. Bendix Aviation Corp.*, 187 Md. 613, 619-620, in which a passenger who had just alighted walked in front of a bus and was struck by a car passing the bus to the left in violation of statute, Judge Henderson for the Court said that there was evidence from which a jury might have found the plaintiff guilty of contributory negligence and "If there were no question of right-of-way involved, * * * she would have been barred by her action in leaving a place of safety. * * * Even before the recent amendment of the statute, this Court has held in a long line of cases that where the pedestrian has the right-of-way, contributory negligence is a matter for the jury to consider." This is not to say that there cannot be instances where the minds of reasonable men would unite in finding the favored pedestrian to have abused his rights so grossly that he could not prevail. The consideration given this very question in cases such as *Sun Cab Co. v. Cialkowski*, 217 Md. 253, 257, makes this manifest. There it was said: "It may be agreed that a pedestrian at a crosswalk has some obligation to observe the rule of due care and caution to avoid injury. *Chasanow v. Smouse*, 168 Md. 629, 178 A. 846; *Sillik v. Hoeck*, 168 Md. 639, 178 A. 852. On the basis of the evidence above summarized, we do not think that it can be said that it is established that the plaintiff did not use due care. * * * We think that on the evidence the jury could properly have found that the plaintiff had the right of way and that he was not bound to anticipate that the driver of the taxicab would not respect it."

The observation as to anticipation by the pedestrian is the key to the matter. Generally a pedestrian, who would be guilty of contributory negligence if he were not favored as to right of way, may, if favored, have the jury pass on the question because he was not required to foresee that his rights would not be honored and could rely on respect for his rights by approaching motorists.

In the case before us the pedestrian knowingly and voluntarily waived her right of way. She frankly and flatly says that as she was crossing on a green light from the northwest

corner of Druid Hill and North Avenues to the southwest corner in the pedestrian crosswalk, the light turned against her as she reached the concrete strip in the middle of North Avenue, and she stepped up onto the island, knowing she was safe there and intending to remain there until the light turned green for her again. Although it seems most unlikely that it did, the record leaves it uncertain whether the concrete island, three feet wide and ten inches high, extended into the pedestrian crosswalk. It may well be that its easternmost end was the westernmost limit of that walk. If it is assumed that the pedestrian was still in the crosswalk when she was on the island, we think that she had, by her own actions and intentions, conceded her right to continue across the street against traffic in a favored status, and that the mutual rights and obligations of pedestrian and motor vehicle are to be weighed using this premise as the scale.

Our use of that scale leads us to the conclusion that the pedestrian was guilty of contributory negligence as a matter of law. She had both feet on the island, a place of safety, and no part of her body was struck except her left hand and wrist. She virtually admitted that her left arm was extended when it was struck. The testimony of her doctor was that the type of fracture suffered generally is received when the arm and wrist are outstretched. She did not see the taxi until after the contact. Her hand and wrist and the rear door of the taxi came together. There was no showing that any part of the taxi overhung or extended across the island. The speed of the cab was very moderate. It is true that the driver did not see the injured woman but if he had, as she stood on the safety island, he would have been justified in thinking that she had—as she says she had—abandoned her right of way and was waiting for the light to turn in her favor. The passenger in the left rear of the cab, who was called as a witness by the pedestrian, said she saw her standing still on the island and there is no indication that she expected an accident —indeed, she seems to have been startled and surprised when she heard the noise of the contact. Since the injured woman's hand and wrist hit the rear door of the cab, it is probable that if the driver had looked at her, he would have seen nothing then indicating that the cab could or would strike her, and it

is apparent that when she did extend her arm, it was too late for him to see it or do anything to avoid the impact.

Many cases have held that if the evidence, or the inferences properly deducible from the evidence, show that one standing on a pavement or a safety island, close to the edge, is struck by a projection or an overhang of a motor vehicle, ordinarily the motorist is negligent and the pedestrian is not. *Epps v. Rainey,* 169 Md. 701, 181 A. 730, is such a case. Another is *Calbreath v. Capital Transit Co.* (D. C. Cir.), 240 F. 2d 621, in which a number of such cases are cited. In the case before us, however, there is no evidence and no proper inference that any part of the taxi hung over or projected over the island. The claimant testified her arm was hit as she stepped onto the three-foot wide island. We think the only reasonably probable inference that can be drawn from all the evidence is that the pedestrian extended her left arm from a place of safety into the path of the cab without looking. The principles which controlled the decisions in *Jendrze-jewski v. Baker,* 182 Md. 41 (negligence as a matter of law to leave a safety zone, behind a pylon, when a car is approaching), and *Schaub v. Community Cab, Inc.,* 198 Md. 216, 227 (negligence as a matter of law for a pedestrian on a grass plot between two boulevard lanes to stoop to retrieve a purse which had fallen into the roadway), control the case at bar. In *Schaub* the Court expressly refused to follow *Epps v. Rainey.* See also *Campbell v. Jenifer,* 222 Md. 106. We said in *Domeski v. Atlantic Refining Co.,* 202 Md. 562, 567, that where "a pedestrian suddenly steps into the path of an approaching car, and he either does not look to see if any car is approaching or makes no effort to avoid it by stopping or stepping aside, although he could easily have seen it in time to have kept or taken a position of safety and thus avoided the accident, he is guilty of contributory negligence as a matter of law, precluding recovery for resulting injuries."

The conclusion that the cab owner's prayer for a directed verdict, offered at the end of the whole case, should have been granted, makes it unnecessary to consider the errors alleged as to the court's charge to the jury.

*Judgment affirmed, with costs.*