KANE ET AL. *v.* WILLIAMS ET VIR.

[No. 305, September Term, 1961.]

*Decided June 7, 1962.*

The cause was argued before BRUNE, C. J., and PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Arthur V. King,* with whom were *King & Eggers, George H. Eggers* and *Joseph E. Byrne* on the brief, for appellants.

*Richard B. Latham,* with whom were *McInerney & Latham* and *John M. McInerney* on the brief, for appellees.

PER CURIAM.

In this action for personal injuries sustained by an infant as the result of the collision of a bicycle with an automobile at an intersection controlled by a stop sign, the trial court granted a directed verdict in favor of the motorist against the teenage cyclist on the ground that the infant was contributorily negligent as a matter of law. Upon the entry of the judgment for costs, the infant plaintiff appealed.

On his way to school, the eleven year old boy, while riding a bicycle on the unfavored street, ignored the stop sign and entered the intersection in front of the oncoming automobile to his right on the favored street and was struck by

the right side of the automobile before it reached the intersection. There was some evidence that the motorist, who applied the brakes as soon as she saw the cyclist, may have been traveling at a speed greater than was reasonable and proper in a school zone, but the infant, though claiming that he had looked both ways before entering the intersection (which he said was obstructed by trees and shrubbery) admitted that he did not stop and that he "just wasn't thinking."

Three questions are presented by the appeal. One concerns the propriety of directing a verdict for the defendant on the contributory negligence of the infant plaintiff. The other two relate to the primary negligence of the defendant.

Since the motor vehicle laws pertaining to the rules of the road and traffic control devices and signals are as applicable to a cyclist as they are to the driver of a motor vehicle, Code (1957), Art. 66½, § 184, it was incumbent upon the infant plaintiff before entering an intersection controlled by a stop sign to "come to a full stop in obedience to [the] stop sign and yield the right of way" to the vehicle on the favored street. Art. 66½, § 233 (b).

Consequently when the law is applied to the facts in this case (where the infant was above the age he could not normally have been guilty of contributory negligence under any circumstances, *Miller v. Graff*, 196 Md. 609), it is clear that the negligence of the infant plaintiff was the proximate cause of the accident. *Sun Cab Company v. Cusick*, 209 Md. 354. And although it is claimed that the intersection was obstructed, the record does not disclose that the infant plaintiff took adequate measures to discover whether the way was clear as was his duty. *Blinder v. Monaghan*, 171 Md. 77. Nor did the failure to see the automobile approaching diminish the degree of his negligence. *Cocco v. Lissau*, 202 Md. 196.

On the theory that the defendant was traveling too fast in a school zone on a school day and at a time when children were going to school and should therefore have foreseen what happened, the infant plaintiff further suggests that he should not be charged with contributory negligence as a matter of law, but his argument is not sound under the circumstances. For

here, where the defendant had the right of way, and the movements of the infant plaintiff were the proximate cause of the accident, it would be mere conjecture to say that the cyclist might not have been struck if the motorist had been driving slower and had exercised more foresight. Cf. *Finney v. Frevel,* 183 Md. 355; *State, Use of Hopkins v. Marvil Package Co.,* 202 Md. 592; *Dunnill v. Bloomberg,* 228 Md. 230.

The ruling of the lower court on the motion for a directed verdict was correct. And with this holding we do not reach the questions relating to primary negligence.

*Judgment affirmed; the father and next friend to pay the costs.*