LIPPHARD *v.* HANES, Administratrix, Etc.

[No. 12, September Term, 1963.]

406

*Decided October 8, 1963.*

The cause was argued before the full Court.

*Hal C. B. Clagett,* with whom were *Carlyle J. Lancaster, Sasscer, Clagett & Powers* and *Welsh, Dyer & Lancaster* on the brief, for the appellant.

*Ferdinand J. Mack,* with whom were *Arthur J. Hilland* and *James E. Hogan* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

The appellant, Lipphard, while driving a borrowed car, struck a pedestrian who subsequently died from causes not related to the accident. A jury awarded the administratrix of the pedestrian a small verdict. Before this Court Lipphard, in seeking a reversal without a new trial (he does not want a reversal on a point which would bring about a new trial) presses only the contentions that the pedestrian was not crossing the street at a crosswalk and that he was guilty of contributory negligence as a matter of law, without regard to where he was crossing.

The pedestrian, Dale Leggett, lived on the east side of Chest-

nut Avenue three houses north of its intersection with 8th Street in the Town of Bowie. Chestnut Avenue runs north and south and 8th Street runs east and west. There is a marked crosswalk from the southeast to the southwest corner of Chestnut Avenue. Leggett was crossing Chestnut Avenue from west to east when he was struck by an automobile proceeding north on Chestnut Avenue, driven by the appellant Lipphard. The intersection was not controlled by a traffic light or a policeman. The impact occurred in the northbound lane of Chestnut Avenue, either, in the words of the appellant, "just south of, within or just north of" prolongations across Chestnut Avenue of the side lines of an eight-foot wide grass sidewalk which ran parallel with the north edge of 8th Street, between the curb and the fence surrounding a dwelling. This strip had been consistently used by pedestrians, including school children who had been assisted across Chestnut Avenue to and from it by a school patrol officer.

The driver of the car, who had swung into 8th Street after hitting Leggett and struck a tree—he told a friend, the grandson of the victim, he would not have hit "Pop," as he called Leggett, if he had not been drinking—first told the police a car which had been following him up Chestnut Avenue at a high rate of speed had struck Leggett, but later confessed that he had done so. There was enough evidence of the appellant's disregard of the pedestrian's intention to exercise his favored right of way and of his inability properly to control the car to require the jury to pass on the question of primary negligence.

We think, too, that the matter of contributory negligence was for the jury. The appellant argues that Leggett was crossing from the southwest to the northeast corner and there was testimony to that effect, but there was also testimony that he was crossing within a strip which we find to have been the north crosswalk. The investigating police officer testified that the point of impact, identified by the debris in the road, was some four feet north of an extension of the north curb line of 8th Street to the east across Chestnut Avenue, which would place the pedestrian in the north crosswalk over Chestnut Avenue. The driver himself gave testimony from which the jury could have found that Leggett was crossing in that crosswalk. The skid

marks made by the car ended in that crosswalk. The testimony of a neighbor who saw Leggett lying in the road was that he was in the middle of Chestnut Avenue parallel with and "about even" with the north side of 8th Street.

The pedestrian who is crossing the street at a crosswalk in a town has the right of way, Code (1957), Art. 66½, Sec. 236, and may rely on a motorist respecting that right unless it is or becomes apparent that the motorist will not. Ordinarily, a pedestrian who would be guilty of contributory negligence as a matter of law if he were not favored as to right of way by the statute may, if so favored, have the jury pass on the question because he was not required to foresee that his rights would not be honored and was entitled to rely on respect for those rights by approaching motorists. *Jackson v. Yellow Cab Company,* 222 Md. 367, 369; *Henderson v. Brown,* 214 Md. 463. *Cf. Boyd v. Simpler,* 222 Md. 126. There was testimony from Lipphard from which the jury could have inferred that Leggett intended to exercise his right of way and apparently expected the approaching car to honor it.

Code (1957), Art. 66½, Sec. 2 a (9), defines a crosswalk—within which, in a town, a pedestrian has the right of way—in the part here relevant, as "that portion of a roadway ordinarily included within the prolongation or connection of the lateral lines of sidewalks at intersections."

A sidewalk has been said to be a walkway set apart at the side of the street for the use of that part of the public which travels by foot, usually embracing the area between the building or property line and the curb.[1] Customarily, the term sidewalk connotes a paved way but the mere fact that an area set apart for pedestrian travel along the side of a road or street is not paved does not keep it from being considered a sidewalk. *Wehr v. Roland Park Co.,* 143 Md. 384; *cf. Pierce v. Baltimore,* 220 Md. 286. See also *Rea v. City of Sioux City* (Iowa), 103 N. W. 949; *Asphalt and Granitoid Const. Co. v. Haeussler* (St.

---

1. "Sidewalk. That portion of a street between the curb lines. or the lateral lines, of a roadway, and the adjacent property intended for the use of pedestrians." Code (1957), Art. 66½, Sec. 2 a (52). See Wehr v. Roland Park Co., 143 Md. 384.

Louis Ct. of Appeals, Mo.), 80 S. W. 5, 7; *City of Oklahoma City v. Meyers* (Okla.), 46 P. 552, 557; *Moore v. City of Milwaukee* (Wis.), 65 N. W. 2d 3, 5, in which unpaved walks were treated as sidewalks.

In our view, the prolongation of the lateral lines of the eight-foot wide walking area between the north curb of 8th Street and the fence along the bordering property across Chestnut Avenue was a crosswalk, and the case properly was sent to the jury, and appellant's motion for a judgment *non obstante veredicto* properly was denied.

*Judgment affirmed, with costs.*