## BILLINGS, ET AL. *v.* SHAW

[No. 511, September Term, 1966.]

*Decided June 30, 1967.*

The cause was argued before HAMMOND, C. J., and MARBURY, OPPENHEIMER, BARNES and FINAN, JJ.

*John T. Enoch,* with whom were *Goodman, Meagher & Enoch* on the brief, for appellants.

336

■■■■■■■■■■■■■■■

*James L. Wray*, with whom were *Wray & Serio* on the brief, for appellee.

PER CURIAM.

The appellant, Billings, a boy of ten who was struck while riding his bicycle by the automobile of the appellee, Shaw, lost his suit for damages when the trial judge ruled that he was guilty of contributory negligence as a matter of law. We find that ruling to have been correct.

Shaw, called as a witness by Billings, says he was driving his car south on Route 170 in Anne Arundel County at thirty-five miles an hour in a fifty-mile zone when he observed, some five hundred yards ahead of him, two boys on bicycles, also riding south. One was on the gravel shoulder to his right, the other, the appellant, was also off the road on that side but on what was described as "not the blacktop area. That little part like a sidewalk." Shaw pulled slightly to his left, almost to the center line, and as he approached Billings "touched" his horn. Billings, without looking back, stood up on the bicycle pedals and "shot" the bicycle to the left across the road. Shaw swerved to his left and stopped on the extreme left of the road several feet beyond the point where the right front fender of his car and Billings' bicycle came into contact.

It is clear to us that the proximate cause of the accident was Billings' sudden and not to be anticipated lunge into the roadway. The motor vehicle laws as to the rules of the road apply to a cyclist, Code (1957), Art. 66½, § 184 (a). Section 219 (b) of Art. 66½ provides inter alia that "* * * the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal * * *." Billings was old enough to be bound by the rules of the road and to be guilty of contributory negligence, which would bar his recovery as a matter of law. *Kane v. Williams*, 229 Md. 59. See also *Rodriguez v. Lynch*, 246 Md. 623, 229 A. 2d 83.

*Judgment affirmed, with costs.*