# HARRIS *v.* BOWIE

[No. 174, September Term, 1967.]

*Decided April 4, 1968.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, MCWILLIAMS and FINAN, JJ.

*Hamilton O'Dunne,* with whom was *Patrick A. O'Doherty* on the brief, for appellant.

*James G. Perry* for appellee.

MARBURY, J., delivered the opinion of the Court.

This case originated as an action for negligence brought by the plaintiff-appellee, Theodore Carl Bowie, against the defendant-appellant, Rebecca Linda Harris, to recover for injuries sustained by the appellee when he was struck by the automobile operated by the appellant. The case was submitted to a jury and one of the questions that was left to its decision was, whether the evidence showed the existence of a sidewalk on the north side of Alder Street so that they could further find that the plaintiff was in a crosswalk when he was struck by the defendant's car. The jury returned a verdict for the plaintiff and from the judgment entered thereon this appeal was taken.

The circumstances surrounding the happening of the accident are as follows. On December 17, 1965, at about 4:35 p.m.,

the appellee was crossing Pennington Avenue from east to west on his way to Cleve's Bar, situated on the north west corner of Alder, a dead-end, unpaved street, forty feet wide and approximately one block long, debouching at the west side of Pennington Avenue. The appellant was, at the same time, operating her automobile in a southerly direction in the curb lane of Pennington Avenue, which runs approximately north and south at this point and is a four lane boulevard. The plaintiff testified that he looked both ways before starting to cross and that on seeing southbound traffic in both lanes about a block away he thought he had time to cross. On reaching the center of the street he saw two southbound cars about half a block away with the car in the curb lane about one and one-half car lengths behind the car in the left lane. The appellee stated that the next time he looked the appellant's car was about four feet from him and that he began to run and had one foot on the curb when he was struck. The appellant's vehicle was in the curb lane at all times and there were no skid marks or indications that she swerved to avoid striking the appellee.

The appellant contends that the court should have ruled as a matter of law that there was no sidewalk on Alder Street instead of submitting the issue to the jury and further, that as this would mean that there was no crosswalk across Pennington Avenue, the plaintiff would be guilty of contributory negligence as a matter of law. We do not agree with this contention.

The importance of the fact of the existence, vel non, of a crosswalk is the duty of care owed by pedestrians and motorists. In general the law is that a pedestrian has the right of way in a crosswalk while a motorist has the right of way between street crossings. Code (1957), Article 66½, Section 236. This is not to say that a pedestrian may blindly step into the path of an oncoming automobile simply because he is in a crosswalk, nor does it mean that he is negligent per se if he crosses in the middle of a block. The place where he crosses, whether it be in the middle of the block or in a crosswalk, simply causes the greater burden of care to rest on the pedestrian or the motorist. *Henderson v. Brown,* 214 Md. 463, 135 A. 2d 881.

The definitions for crosswalk, sidewalk and other relevant

terms used here are defined in Code (1957), Article 66½, Section 2(a) as follows:

"(9) Crosswalk. Any portion of a roadway distinctly indicated for pedestrian crossing by lines or other marking on the surface or that portion of a roadway ordinarily included within the prolongation or connection of the lateral lines of sidewalks at intersections. "(52) Sidewalk. That portion of a street between the curb lines, or the lateral lines, of a roadway, and the adjacent property intended for the use of pedestrians. "(47) Roadway. That portion of a highway improved, designed, or ordinarily used for vehicular travel. "(20) Intersection. The area embraced within the prolongation or connection of the lateral curb lines, or if none, the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict."

From these definitions it will be seen that if a crosswalk is not indicated by lines or markings on the roadway that its existence is dependent on the presence of sidewalks, the prolongation of which would form the crosswalk. It is not necessary that the walkway be paved, *Lipphard v. Hanes, Admr'x,* 232 Md. 405, 194 A. 2d 93, but it is necessary that there be an area, apart from the "roadway", that is intended for pedestrian use. The intention to set aside an area for a sidewalk, in the absence of official records designating it as such, may be ascertained primarily by its actual physical appearance and the use to which it is put, although a crosswalk can not be established by customary pedestrian usage. *State v. Miller,* 199 Md. 521, 87 A. 2d 401; *Van v. McPartland,* 242 Md. 543, 219 A. 2d 815.

In the instant case the presence of a sidewalk is indicated by the extension of curbings for a short distance along Alder Street west of Pennington Avenue; the fact that the paved walkway on Pennington Avenue continued to the corner past Cleve's Bar to the northwest radial curb; and the fact that Alder Street

is indicated as a public street by a street sign on the east side of its intersection with Pennington Avenue. In addition, there were two steps leading from a side entrance of Cleve's Bar onto the area between the side of Cleve's Bar and the prolongation of the curb line on the north side of Alder Street, which, according to some testimony, had been used by pedestrians. Furthermore, the record shows that there were storm drains under the curbs at both the north and south corners of Pennington Avenue and Alder Street and that there was a fireplug located at the southwest corner of Pennington Avenue and Alder Street.

Because of these physical indications, the jury could have properly concluded that there existed a sidewalk and consequently a pedestrian crosswalk in the area where the appellee was struck, and this issue was properly submitted to the jury.

Appellee's counsel in his brief has urged us to remand this case to the trial court for further proceedings to assess costs and expenses in accordance with Maryland Rule 421 d 2 which provides:

> "If a party, after being served with a request to admit any matters, serves a sworn statement refusing such admission and if the party requesting the admissions thereafter proves the genuineness of any such document or the truth of any such matter of fact, the court, upon application, may order the other party to pay him the reasonable expenses incurred in making such proof, including reasonable attorney's fees, unless the court finds that there were good reasons for the refusal or that the admissions sought were of no substantial importance."

The basis for this contention was the plaintiff's request for admission of facts and motion in limine in which the plaintiff sought to "limit the issues in this case by prohibiting at trial the raising of issue in defense thereof that Alder Street, extending westerly from its intersection with Pennington Avenue:

1. Is not a public street.
2. Is not used by the public.

3. Does not have sidewalks.

4. Does not, by operation of law, create unmarked pedestrian crosswalks extending across the bed of Pennington Avenue at its intersection with Alder Street which crosswalks are each of a width of eight (8) feet."

We find no merit in this contention because before trial a hearing was held by Judge Melvin, when counsel for the respective parties were heard, which resulted in an order by the court overruling these motions. These proceedings were held in chambers and the record contains nothing with reference to what transpired at the hearing. Furthermore, the plaintiff-appellee did not file a cross-appeal preserving the question for our review of the correctness of Judge Melvin's ruling.

*Judgment affirmed, with costs.*