JOSEPH MICHAEL ODDIS, a Minor, by and
Through His Father and Next Friend,
Joseph A. Oddis, and Joseph A. Oddis,
Individually *v.* JO ANNE GREENE

[No. 269, September Term, 1970.]

*Decided February 8, 1971.*

154

The cause was argued before MORTON, ORTH, and THOMPSON, JJ.

*Arthur B. Hanson,* with whom was *Ralph Albright, Jr.,* on the brief, for appellants.

*Albert D. Brault* for appellee.

ORTH, J., delivered the opinion of the Court.

Joseph Michael Oddis, a minor, by and through his father and next friend, Joseph A. Oddis and Joseph A. Oddis, individually (plaintiffs-appellants) sued Jo Anne Greene (defendant-appellee) at law in the Circuit Court for Montgomery County to recover damages resulting when an automobile driven by appellee and a bicycle ridden by the minor collided. At the close of appellants' case the court granted appellee's motion for a directed verdict and judgment was entered in favor of appellee for costs. Appellants appeal from the judgment.

The case presents a classic example of the application

of the "Boulevard Rule." The accident occurred at the intersection of Democracy Boulevard and Bells Mill Road in Montgomery County. It was shown that Democracy Boulevard was a six lane east-west highway divided by a median strip. At the intersection there were also two "left turn only" storage lanes. Bells Mill Road was a two-way divided street running north and south. There was a stop sign on Bells Mill Road controlling traffic proceeding northerly and entering Democracy Boulevard. Thus Democracy Boulevard was a favored highway and Bells Mill Road was an unfavored intersecting street on which traffic was required to stop by a traffic control device—a stop sign—and to yield right-of-way to traffic approaching on the favored highway.[1] This was the first of the two physical factors necessary for the application of the Rule.[2] On a clear Saturday morning the minor approached this intersection on his bicycle, proceeding northerly on Bells Mill Road. He testified he came to a stop at the stop sign, placing one foot on the curb, and looked to see if there were any vehicles approaching eastbound on Democracy Boulevard. He said he saw some traffic at a distance, but thought it was far enough away to allow him to travel in safety to the median strip, where he usually stopped again before proceeding across the west bound lanes. He entered the intersection onto Democracy Boulevard and when only about seven feet from the south curb was struck by appellee's automobile which was traveling east on Democracy Boulevard. He stated that he saw the automobile only a split second before the collision. Thus the collision occurred as a direct consequence of the entrance of a vehicle[3] onto a favored

1. Code, Art. 66½, § 233 (a) and (b) and § 242 (c). The accident in this case occurred on 29 October 1966 and Code references herein are to statutes then applicable. Ch. 534, Acts 1970, repealed Art. 66½ and enacted a new Art. 66½ in lieu thereof effective 1 January 1971.

2. See "Bothersome Boulevards" by John W. T. Webb, Esq., 26 Md. L. Rev. 111-126 (1966) a learned and comprehensive discussion of the Boulevard Rule as defined and applied in this jurisdiction.

3. The Rule is not limited in its application to motor vehicles;

highway in disregard of its obligation to yield the right-of-way.[4] This was the second of the physical factors necessary for the application of the Rule.

Appellee entered Democracy Boulevard about two blocks west of Bells Mill Road. There were five small children in her automobile. She was going about 25 to 30 miles an hour in a 35 mile per hour zone and as she approached Bells Mill Road she did not see the minor until he suddenly appeared pedalling his bicycle into the street in front and slightly to the right of her. She believed she saw him just before the impact. The right front corner of her automobile and the front wheel of the bicycle collided. A police officer estimated that the back wheel of the bicycle was only about 2 feet into the intersection. She stopped the car within 50 feet of the point of impact; there were no skid marks. The police officer estimated from this that she was driving about 22-23 miles an hour. He said at 30 miles an hour a panic stop with average reaction time would be 88 feet. Appellee testified that the children in the car were just talking at the time of the accident and did not distract her. She was aware of a football game being played near the intersection because of the noise. The police officer testified that after the accident appellee told him she had not seen appellant because she may have been momentarily distracted by the game and that her vision

it applies to bicycles. "Every person riding a bicycle or an animal or driving any animal drawing a vehicle upon a roadway shall be subject to the provisions of this article, pertaining to rules of the road and obedience to traffic-control devices and signals as may be applicable to the driver of a vehicle, except such as by their nature which can have no application, including registration and licensing." Code, Art. 66½, § 184 (a); *Billings v. Shaw*, 247 Md. 335; *Kane v. Williams*, 229 Md. 59.

4. The factual posture of this case leaves no doubt but that the accident occurred while the unfavored minor was entering upon the boulevard and presents no problem which arises when there is a question whether the unfavored driver had safely entered the favored highway. The law requires the unfavored driver to yield the right-of-way, and he yields it by not entering the highway. Once he has safely entered, other rules apply. However, "entering" within the Boulevard Rule cannot be confined to the bounds of an intersection. *Op. cit., supra*, 26 Md. L. Rev. at 116.

could have been blocked by the parked cars. At trial she positively denied that the football game attracted her attention and said her view was obstructed by two cars parked along the south curb of Democracy Boulevard. The officer said there was only one car about 40 feet from the intersection. A witness said there was another about 10-15 feet from the intersection. The officer stated in his report that "apparently the parked vehicle had blocked the vision" of appellee and the minor.

The facts here require application of the Boulevard Rule. Therefore the motor vehicle law imposed on the minor as the unfavored driver, the absolute duty to stop, which he did, *and* the absolute duty to yield the right-of-way, which he did not. *Clemons v. E. & O. Bullock, Inc.,* 250 Md. 586; *Thompson v. Terry,* 245 Md. 480. Having entered the boulevard from the unfavored street the minor was obliged to yield the right-of-way to all the traffic he found there during the entire time he was there. He did not do so and a collision resulted. He was at fault. *Trionfo v. R. J. Hellman, Inc.,* 250 Md. 12. The decisions seem to leave no question when the Boulevard Rule is applicable that the unfavored driver is negligent, regardless of his excuse. And when, as here, there is no question as to the accident taking place during entry onto a boulevard, the unfavored driver is negligent as a matter of law. See *Savage v. Mills,* 237 Md. 204; *Brown v. Ellis,* 236 Md. 487; *Dunnill v. Bloomberg,* 228 Md. 230; *Shriner v. Mullhausen,* 210 Md. 104; *State v. Gosnell,* 197 Md. 381.

There is a further inquiry and that is at what age may a child be guilty of contributory negligence. The Court of Appeals discussed the question in *State, Use of Taylor v. Barlly,* 216 Md. 94, 101-102. It held, at 102, that a child, 5 years of age or over, may be guilty of contributory negligence, declining to enlarge the ruling in *Miller v. Graff,* 196 Md. 609, that a child four years of age cannot be guilty of contributory negligence. But, the Court added, "* * * a child of tender years is bound only to

use that degree of care which ordinarily prudent children of the same age, experience and intelligence are accustomed to use under the same circumstances, and they assume the risk only of dangers, the existence of which they know, or which, in the exercise of this degree of care, they should have known." However, in *Billings v. Shaw*, 247 Md. 335, the Court made clear that the "tender years rule" did not apply to a boy of ten, the age of Billings. It said flatly: "Billings was old enough to be bound by the rules of the road and to be guilty of contributory negligence, which would bar his recovery as a matter of law." Joseph Michael Oddis, the child here involved, was eleven years of age. He was old enough to be bound by the rules of the road and to be guilty of contributory negligence in connection therewith. See *Leonard v. Bratcher*, 258 Md. 186; *Kane v. Williams*, 229 Md. 59. Compare *Henkelmann v. Metropolitan Life Ins. Co.*, 180 Md. 591; *Bozman v. State, Use of Cronhardt*, 177 Md. 151.

As the minor here was at fault there could be no recovery against appellee unless the doctrine of last clear chance entered the case. *Trionfo v. R. J. Hellman, Inc.*, *supra*. Appellants urge that it did. We find that it did not.

It is implicit in the doctrine that both the plaintiff and defendant were negligent.

> "The doctrine presupposes a perilous situation, created or existing through the negligence of both the defendant and the plaintiff. * * * It assumes that there was time after such negligence has occurred when the defendant could, and the plaintiff could not, by the use of the means available avert the accident. * * * Consequently, this Court has held on many occasions that, in order for the rule to apply, the defendant's negligence must have been sequential, and not concurrent." *State, Use of Taylor v.*

*Barlly,* 216 Md. 94, 103, cited in *Rodriguez v. Lynch,* 246 Md. 623, 626.

Here it is clear that there was a continuing negligence on the part of the minor when he entered the favored highway. He was committed to a place of peril and continued to move in that position. There was no set sequence of events showing that defendant/appellee was presented with a new opportunity to avoid the consequences of the minor's contributory negligence. See *Brown v. Ellis, supra.*

As the case was tried by a jury, appellee moved for a directed verdict at the close of the evidence offered by appellants. Rule 552 a. It was granted. "[T]he court looking at all this evidence in its best light must determine that there was contributory negligence on the part of the young man * * *." The verdict was entered. Rule 552 e. Considering all of the evidence in a light most favorable to appellants, the lower court acted correctly in directing a verdict for appellee. *Leonard v. Bratcher, supra,* at 190. It properly found the minor appellant contributorily negligent as a matter of law.

*Judgment affirmed; appellants to pay costs.*