ARTHUR G. BROWN *v.* SHELLIA ROGERS ET AL.

[No. 145, September Term, 1973.]

*Decided January 2, 1974.*

The cause was argued before MORTON, MOYLAN and MOORE, JJ.

*Robert L. Ferguson, Jr.*, with whom were *Donald C. Allen* and *Allen, Thieblot & Alexander* on the brief, for appellant.

*Francis J. Meagher*, with whom were *Goodman, Meagher & Enoch* on the brief, for appellees.

MOYLAN, J., delivered the opinion of the Court.

This is an appeal from a judgment against Arthur Brown, the defendant, for bodily injuries sustained by Shellia Rogers, the plaintiff, following a pedestrian-vehicular collision between the plaintiff and the defendant's automobile.

On appeal, the defendant raises numerous contentions. Firstly, he asserts that his motion for a directed verdict should have been granted because the plaintiff was guilty of contributory negligence as a matter of law. In reviewing that question, we must look at the evidence in the light most favorable to the plaintiff, assuming the truth of all the evidence tending to negate the presence of contributory negligence and drawing all inferences of fact fairly deducible therefrom. *Batten v. Michel*, 15 Md. App. 646, 292 A. 2d 707.

McHenry Street runs east-west in Baltimore City and has two lanes for traffic — one lane for eastbound traffic and one lane for westbound traffic. It additionally has a parking lane on each side of the traffic lanes. On October 7, 1971, at about 6:00 p.m., the defendant-appellant Arthur Brown was proceeding in an easterly direction along McHenry Street. He was driving in the second lane from the right curb. There were cars parked in the lane next to the curb. The weather was clear and dry, the road conditions were good, and it was still daylight. As he approached the intersection of McHenry and Calhoun Streets, he saw a police car heading west, in the opposite direction. The defendant was approximately three to five car lengths from the corner at that time. He checked his speedometer, saw he was going 21 or 22 miles per hour, and reduced his speed. He then looked up and, for the first time, saw Shellia Rogers, the plaintiff-appellee, age ten, about a yard out from a car parked next to the right curb at the corner. He hit his brakes and turned to the left. She, nevertheless, collided with either the right front or side of his car.

The plaintiff testified that just prior to being struck by the defendant's car, she was in a confectionary store at the southwest corner of Calhoun and McHenry Streets. After she left the store, she proceeded to cross from the southwest

to the northwest corner of McHenry Street on her way home. She stepped off the curb, took a couple of steps so that she could see past a car parked at the curb on the corner, and looked to see if any cars were coming. From where she was standing in front of the parked car, she could see over its hood. She saw the defendant's station wagon "coming down kind of fast, then it came slow, and I thought he was going to stop, and I went ahead and I got hit."

Vincent Emmel, who was standing at the northwest corner of the intersection at the time of the accident, testified that the plaintiff walked out about two feet from the curb, in front of the parked car, and looked in both directions before continuing to walk across the intersection in the crosswalk.

There was no traffic control at the intersection of Calhoun and McHenry Streets. The plaintiff was walking in an unmarked crosswalk. Article 66½, Sec. 11-502 (a) requires that a driver yield the right-of-way to a pedestrian crossing a roadway within a crosswalk. This preference the pedestrian enjoys at a crosswalk, however, is not unlimited. The pedestrian must still exercise due care and caution to avoid injury and cannot cross blindly without looking for approaching traffic. *Chasanow v. Smouse*, 168 Md. 629, 178 A. 846; *Sugar v. Hafele*, 179 Md. 75, 17 A. 2d 118. A pedestrian cannot "suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield." Article 66 ½, Sec. 11-502 (b). There are instances, therefore, when a pedestrian even though favored as to right-of-way may still be guilty of contributory negligence as a matter of law. Cf. *Jackson v. Yellow Cab Company*, 222 Md. 367, 160 A. 2d 612. The pedestrian, however, having looked before crossing and having seen no vehicle or a vehicle at a distance thought to be justifiably safe, has the right to assume that a motorist will respect his right-of-way. The question of contributory negligence on the part of a pedestrian crossing in a crosswalk, therefore, is usually for the jury. *Merrifield v. C. Hoffberger Co.*, 147 Md. 134, 127 A. 500; *Wintrobe v. Hart*, 178 Md. 289, 13 A. 2d 365; *Henderson v. Brown*, 214 Md. 463,

469, 135 A. 2d 881; *Folck v. Anthony*, 228 Md. 73, 178 A. 2d 413; *Lipphard v. Hanes*, 232 Md. 405, 194 A. 2d 93; *Nizer v. Phelps*, 252 Md. 185, 249 A. 2d 112; *Straughan v. Tsouvalos*, 246 Md. 242, 248-249, 228 A. 2d 300.

There is no question that a child of ten years can be guilty of contributory negligence as a matter of law. *Dawson v. Christopher*, 258 Md. 413, 419, 265 A. 2d 906; *Billings v. Shaw*, 247 Md. 335, 231 A. 2d 12; *Oddis v. Greene*, 11 Md. App. 153, 273 A. 2d 232. In assessing whether the child was guilty of contributory negligence, the standard of conduct is that of ordinarily prudent children of the same age, experience and intelligence. *State, Use of Taylor v. Barlly*, 216 Md. 94, 140 A. 2d 173; *Slaysman v. Gerst*, 159 Md. 292, 150 A. 728. In order to withdraw a case from the jury on the ground of contributory negligence, reasonable minds must not differ that there was some decisive act on the part of the plaintiff which directly contributed to the cause of the accident. *Pratt v. Coleman*, 14 Md. App. 76, 286 A. 2d 209.

The issue of the plaintiff's contributory negligence was properly submitted to the jury. The evidence that the defendant had reduced his speed approximately three to five car lengths from the corner and that the plaintiff, in looking for approaching traffic before crossing, saw the defendant's car slowing down, was sufficient for the jury to have inferred that the plaintiff, age ten, thought the defendant was braking in order to respect her right-of-way and that she exercised due care for her own safety before crossing.

The appellant asserts error in various rulings on evidence made during the course of the trial. He first objects to the admission into evidence of the complete set of progress notes made by the Instructive Visiting Nurses Association. The notes were admitted under Maryland Code, Art. 35, Sec. 59. Catherine O'Neil, a visiting nurse with the association, testified on behalf of the plaintiff that the records were kept in the ordinary course of business of the association. She testified that the organization is a private Community Chest organization concerned with public health. Its function is to treat patients in the home, giving nursing service as well as counseling and physical therapy, only under the instructions

of a physician. On November 3, 1973, three weeks after the accident, the plaintiff was referred to the organization by a doctor from the University of Maryland Hospital. The patient was in a cast at that time and the purpose of the referral was "to teach the mother how to take care of the patient, and in this case, give her nursing service, and for the prevention of any deformity or pressure area." The witness testified that the visiting nurses would make notes on each visit "for the record of the patient, and for a continuity of care, and for the progress — what we would do with the patient in regard to care, and the orders to be carried out." The doctors did not check the notes but the notes were available to the physicians should they want to check them. We are not persuaded that there was error in the admission of these records. See *Snyder v. Cearfoss*, 190 Md. 151, 159, 57 A. 2d 786.

The defendant contends that the trial court erred when it restricted the cross-examination of Officer Joseph Unger, of the Southern Police District, one of the plaintiff's witnesses. When Officer Unger arrived at the scene, his sergeant already "had things under control." Officer Unger started investigating as soon as the ambulance left. On direct examination, he testified as to what he observed when he arrived at the scene—the road and weather conditions, the position of the defendant's car, etc. He testified that he "didn't have the equipment [like that carried by the Accident Investigation Division of the Police Department] at my disposal to take measurements. So to me that is I go more on information from witnesses if I had them." On cross-examination, the defendant attempted to examine the witness concerning the point of impact, specifically whether or not he determined if the plaintiff was in the crosswalk at the time of the accident. The trial court permitted the defendant to bring out that this information was received from other witnesses—another officer at the scene who witnessed the accident and the defendant. The court sustained the plaintiff's objection to the question. The appellant contends that the witness was competent to testify as to this because, being the investigating officer, any information he obtained at the scene was *res gestae*. All the

information obtained at the scene of an accident by an investigating officer is not *res gestae* as the defendant contends. Generally, statements made by witnesses at the scene to an officer are inadmissible hearsay. Only in those limited situations where it is shown that the statements were spontaneous utterances made under the influence of the accident rather than statements made after an opportunity for reflection will the sanctions of the hearsay rule not be imposed and the statements admitted under the umbrella of *res gestae*. See *Honick v. Walden*, 10 Md. App. 714, 272 A. 2d 406. Furthermore, although various factors are weighed in determining whether the statements were spontaneous or deliberative, generally, the interposition of an inquiry after an accident as to the facts or the cause or responsibility for the accident, although not determinative, has been held an important factor in negating the presence of spontaneity. 29 Am. Jur. 2d, *Evidence*, § 718. We cannot say that the trial judge here abused his discretion in restricting the cross-examination as to the point of impact, where the information sought was hearsay obtained from witnesses at the scene. There was no evidence whatsoever to indicate that the statements were anything other than mere narrations of a past event and, thus, nothing to insure their trustworthiness so as to preclude the invocation of the hearsay rule.

During the course of the direct examination of Emmie Rogers, the plaintiff's mother, she was asked whether her daughter appeared to be in pain during the three weeks she was in the hospital in a traction unit. She was permitted, over objection, to answer "Yes." The appellant complains that the question was both leading and called for an opinion or conclusion about which the witness was unqualified to testify. As a general rule, non-expert or non-professional witnesses have been permitted to express their opinions as to the severity of pain suffered by one who has been under their observation where the opinion is not one requiring special skill, knowledge, and experience. Such testimony has generally been admitted where all the transient physical conditions which the witness observed—tone of voice, expression of the face, the movement of the limbs—which

indicated the injured person was in pain could not be reproduced for the jury in such precision and fullness as to impress the jury in the same manner as the observer was impressed and as to permit the jury to draw its own inference. See 31 Am. Jur. 2d, *Expert and Opinion Evidence,* § 100; Annotations, 97 A.L.R. 1284, 1291; 28 A.L.R. 362, 364; 11 A.L.R.3d 1249. Mrs. Rogers testified that during the three weeks her daughter was in the hospital, someone from the family sat with her at all times and that she herself sat with her daughter on many days and nights. Under the circumstances, we cannot say that the question posed to Mrs. Rogers, eliciting her personal observation over the course of three weeks, as to whether Shellia was in pain during that time was improper.

The appellant next complains that the trial court erred in sustaining an objection to the following question posed on cross-examination to the witness Emmel: "If you had been in the girl's position, you wouldn't have walked out in front of that car, if it was going fast; would you?" The objection was properly sustained. As in the case of lay opinions regarding pain, a non-expert may give his opinion in some other instances involving non-technical subjects. See *Scott v. Hampshire, Inc.,* 246 Md. 171, 177, 227 A. 2d 751, citing 10 M.L.E., Evidence, § 243; *People's Drug Stores v. Windham,* 178 Md. 172, 12 A. 2d 532. As in the case of all such nontechnical opinion evidence, however, only where the facts and circumstances which form the basis of a conclusion cannot be adequately presented to the jury, will such an opinion, based on the witness's observation and experience, be admitted. *Tucker v. State, Use of Johnson,* 89 Md. 471, 477, 43 A. 778. The facts here were adequately presented to the jury, and it was the jury's prerogative to draw its own conclusion. The defendant was attempting to usurp the responsibility of the jury on the ultimate question of whether the plaintiff was contributorily negligent.

The defendant asserts that it was error for the trial judge to continue the trial to enable the plaintiff to procure the attendance of an absent witness. The trial of the case began on March 6, 1973. The plaintiff's counsel immediately indicated to the court that one of his "essential" witnesses

whom he had summonsed was not present. Attempts were thereafter made to contact the witness by phone. At 2:05 p.m. the witness called the court and indicated he was on his way. At 3:05 p.m., he had not yet appeared. The court issued a bench warrant for the witness and asked the sheriff to go out for him as soon as possible. The trial court continued the case until the following morning on its own motion pursuant to the discretionary power vested in it by Maryland Rule 527 a 1. At most, the court adjourned for the day an hour or so early. We find no abuse of discretion. The witness appeared the next morning when court reconvened.

The defendant also complains that on redirect examination, leading questions were put to the plaintiff. We have reviewed this portion of the testimony and find no abuse of discretion on the part of the trial judge in permitting the latitude he did in the redirect examination of this ten-year-old plaintiff. *Bethlehem Steel Co. v. Golombieski*, 231 Md. 124, 188 A. 2d 923.

The defendant next asserts that the trial court committed prejudicial error in instructing the jury that a motorist has a duty "to warn [pedestrians] whenever necessary, by proper signal of his approach." The whole instruction to the jury was:

> "It is the duty of a driver at a crossing to look carefully ahead and to keep the car under such control and at a speed so reduced as to avoid injury to pedestrians if reasonably possible, and also to warn them whenever necessary, by proper signal of his approach."

The defendant contends that there was no evidence which would indicate that he had any opportunity to sound his horn or that, even if he had, it would have been timely enough to prevent the plaintiff from entering the traveled portion of the roadway. He cites *Alina v. Raschka*, 254 Md. 413, 255 A. 2d 76. That case is clearly distinguishable from the facts herein. In that case, a three-and-a-half-year-old boy darted out from behind a hedge and into the street into the path of the defendant's automobile. The defendant, two

car lengths away at the time, slammed on his brakes but did not sound his horn. The Court held that the failure of the driver to sound his horn was not the proximate cause of the accident and that he was justified in devoting his efforts to stopping the car. This is not a case, however, where the plaintiff darted out into the street. The evidence demonstrated that the plaintiff was crossing in a crosswalk, that she stopped before a parked car and looked for approaching traffic, that she saw the defendant's car slowing down and thought that he was stopping, that the defendant knew "there was a lot of children down there running in and out of the streets," and that the defendant, after looking down at his speedometer, while three to five car lengths from the corner, and reducing his speed, first saw the plaintiff about a yard out into his lane. There was, therefore, evidence that had the defendant exercised due care, he might have seen the plaintiff sooner and, by sounding his horn, might have avoided the collision. The instruction was, under the circumstances, proper. It merely used the language of *Heffner v. Admiral Taxi Service*, 196 Md. 465, 77 A. 2d 127; *Deford v. Lohmeyer*, 147 Md. 472, 128 A. 454; and *Gresham v. Commissioner of Motor Vehicles*, 256 Md. 500, 260 A. 2d 649, which imposes on the driver of a motor vehicle the duty, when approaching an intersection, to be attentive and alert to the presence of pedestrians. See also Maryland Code, Art. 66½, Sec. 11-504.

The defendant finally contends that the trial court erred in allowing the plaintiff's counsel to list damages in his closing rebuttal to the jury, where there was no mention of them in his opening summation or in the defendant's arguments to the jury. After argument by defendant's counsel, the plaintiff's counsel informed the court that he had inadvertently neglected to list the expenses on the board and requested that he be allowed the opportunity to do so. The court permitted counsel only to list the expenses as brought out by the evidence and did not permit him to argue with regard thereto. Defense counsel was given an opportunity to make response to any element of damages so listed. He declined to do so. We find no abuse of discretion on the part of the trial judge in permitting such closing

572

argument. See Annotation, "Propriety and effect of permitting counsel having burden of issues in civil case to argue new matter or points in his closing summation," 93 A.L.R.2d 273; *Misch v. C. B. Contracting Company*, 394 S.W.2d 98, 102-103 (Mo. App.).

*Judgment affirmed; costs to be paid by appellant.*