534 A.2d 370

Sidoles PRESI

v.

**STATE of Maryland.**

**No. 519, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Dec. 9, 1987.

Certiorari Denied March 28, 1988.

Gary S. Offutt, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, M. Kenneth Long, Jr., State's Atty. for Washington County and Andrew Norman,

Asst. State's Atty. for Washington County, on brief, Hagerstown, for appellee.

Submitted before WEANT, BISHOP and WENNER, JJ.

WEANT, Judge.

Appellant, Sidoles Presi, was convicted by a jury in the Circuit Court for Washington County of distribution of cocaine. At trial, the State introduced appellant's financial records into evidence to show an accumulation of savings consistent with the State's theory that appellant had been selling narcotics. Neither the prosecutor nor defense counsel mentioned appellant's finances in their initial closing arguments. In his rebuttal argument following defense counsel's closing argument, however, the prosecutor did address appellant's pecuniary resources. Appellant objected to this on the ground that it was beyond the scope of defense counsel's closing argument and thus not proper rebuttal. The trial judge overruled the objection, stating:

I'm going to let the State argue fully. I don't think the State in closing argument necessarily is to be limited to rebutting exactly what was said by defense counsel. I'll permit it. In my discretion I think that there can be reference to any evidence that has been introduced.

The prosecutor then completed his argument concerning appellant's finances. Appellant made no request to address the jury on the issue. The sole question appellant presents on appeal is: "Did the trial court err when, over objection, it permitted the prosecutor to make a new argument during rebuttal that had not been brought out in the defendant's closing argument?"

Appellant contends that by permitting the State to address an issue in its rebuttal argument which the parties did not address in their initial closing arguments, the trial court "permits the State to insulate this new argument from any response by the defense." We agree. In the few reported criminal cases where this has occurred, courts have re-

versed convictions where the State was allowed to raise a new issue in rebuttal argument which was prejudicial to the defendant. *See Bailey v. State,* 440 A.2d 997 (Del.Supr., 1982); *State v. Peterson,* 423 S.W.2d 825 (Mo., 1968) and *People v. Bundy,* 295 Ill. 322, 129 N.E. 189 (1920); *c.f. Moore v. United States,* 344 F.2d 558 (D.C.Cir., 1965) (no prejudicial impact). We have been cited to no Maryland cases directly on point, nor have we found any.[1]

In the case at bar, the argument that appellant had substantial savings, consistent with the theory that he was selling cocaine, was a pertinent argument. A police officer testified that he bought cocaine from appellant, but his identification of appellant as the seller was seriously disputed. Therefore, we are not convinced that the State's unrebutted argument was harmless beyond a reasonable doubt.

The conduct of a trial is left largely to the sound discretion of the trial judge. *Wilhelm v. State,* 272 Md. 404, 413, 326 A.2d 707, 714–15 (1974). Had the trial judge given the defendant an opportunity to rebut the State's new argument, the probability for error in this regard could have been avoided. *Brown v. Rogers,* 19 Md.App. 562, 571–72, 313 A.2d 547, 553 (1974). Because no such opportunity was given, the trial judge's decision was an abuse of discretion. Appellant's failure to request the opportunity is not significant under the circumstances of this case. His timely objection to the State's argument alerted the court that he did not want the State to make an unrebutted argument. It was the prosecutor and the trial court who varied the normal procedure.

JUDGMENT REVERSED.

CASE REMANDED FOR A NEW TRIAL. COSTS TO BE PAID BY WASHINGTON COUNTY.

---

**1.** *But see Woodland v. State,* 62 Md.App. 503, 490 A.2d 286 (1985).