**Barbara O'CONNOR, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, et al., Defendants.**

**Civil Action No. 94–0012–LFO.**

United States District Court, District of Columbia.

March 27, 1996.

David T. Ralston, Jr., Washington, DC, for Plaintiff Barbara O'Connor.

Steven John Anderson, Assistant Corporations Counsel, Washington, DC, for Defendant the District of Columbia.

Robert L. Shapiro, Assistant United States Attorney, Washington, DC, for Cross–Defendant the United States.

**6**

Michael McGowen, McCarthy, Bacon & Costello, Lanham, MD, for Defendant Fort Myer Construction Corporation.

Frederick Cooke, Jr., Rubin, Winston, Dierks, Harris & Cooke, Washington, DC, for Defendant David Volkert & Associates, Inc.

Lillian M. Brown, Assistant General Counsel, Washington, DC, for Defendant Washington Metropolitan Area Transit Authority.

## MEMORANDUM

OBERDORFER, District Judge.

### I.

This common law tort action is before the Court on motions of defendants District of Columbia, Washington Metropolitan Area Transit Authority ("WMATA"), and Fort Myer Construction for summary judgment, the motion of third-party defendant United States for summary judgment on claims by the District of Columbia, and other pending motions. Plaintiff has filed a motion to dismiss with prejudice defendants Fort Myer Construction, David Volkert & Associates, and WMATA. Accordingly, these defendants are dismissed from this action with prejudice, and the Fort Myer and WMATA motions denied as moot. Consequently, the only motions outstanding are the District of Columbia's motion for summary judgment, the United States' motion for summary judgment on the District's claim for contribution, and Group Hospitalization's motion to intervene as a plaintiff. The District of Columbia's motion being well taken, these other motions must be denied as moot.

### II.

The District of Columbia moves for summary judgment on the grounds that it cannot be held liable for plaintiff's injury as a matter of law for two reasons. First, the District contends that it had no notice, either actual or constructive, that there was a dangerous or defective condition at the intersection of 9th and Pennsylvania Avenue, N.W. on December 3, 1991. Second, the District contends that plaintiff was contributorily negligent and that such negligence was a

"substantial factor" in causing her injury, which in the District of Columbia operates as a complete bar to recovery. See District of Columbia v. Brown, 589 A.2d 384, 388 (D.C. 1991); Sinai v. Polinger Co., 498 A.2d 520, 528 (D.C.1985).

The essential undisputed facts are that on the morning of December 3, 1991, plaintiff was injured when she fell on a sidewalk on Pennsylvania Avenue, N.W. A puddle of water had accumulated from the rain at the intersection of 9th and Pennsylvania. Plaintiff "skirted the flooded area hoping to be able to continue across Pennsylvania Avenue without getting into the water." O'Connor May 1, 1995 Dep. at 7. When the water "impeded" her further travel she was "[p]robably maybe two and a half, three feet from the opposite curb." Id. at 10. At that point she veered to the left, "hoping that the light would change and I would be able to proceed across Pennsylvania without having to go through the water." Id. at 11. Plaintiff stepped into the traffic lane of Pennsylvania Avenue. A cry of a passerby, "Lookout. Here comes a bus," startled her. Id. at 12. Indeed, there was an oncoming WMATA bus while plaintiff was in a traffic lane on Pennsylvania Avenue. It was at this point that she jumped or stepped quickly back toward the curb, fell, and injured herself. Id. at 11–12. At the time she stepped into Pennsylvania, she did not know whether the traffic signal had changed from green to red to stop the Pennsylvania traffic, and she did not look to see whether there was any oncoming traffic. See id. at 12. When asked at her deposition, "Did you ever look for oncoming traffic from Pennsylvania?," plaintiff answered, "I didn't have a chance to." "Why not?" "Because someone yelled," she said. Id. at 30.

### III.

 Confronted with these undisputed facts, no reasonable trier of fact could fail to conclude that even if there is a sufficient basis for plaintiff's allegation that the District was negligent in allowing a puddle to accumulate at the corner of 9th and Pennsylvania, plaintiff's actions constituted contributory negligence which proximately caused

her injury. In the District of Columbia, contributory negligence operates as a complete bar to recovery. *See District of Columbia v. Brown*, 589 A.2d 384, 388 (D.C.1991). Plaintiff contends that, notwithstanding the fact that she stepped into a traffic lane on Pennsylvania before looking to see whether there was any oncoming traffic, she "exercised reasonable care in assuring her own safety" and that the reasonableness of her actions is "reinforced by the dangerous flooded conditions faced by Plaintiff on the day of the accident." Pl.'s Opp'n at 5.

To support her contention that she acted reasonably, plaintiff cites *District of Columbia v. Aukward*, 45 App.D.C. 155 (1916). In *Aukward*, plaintiff was injured stepping into a depression in the street while crossing at a point off the regular intersection crossing. In determining whether plaintiff was contributorily negligent as a matter of law, the court stated that plaintiff's admission "that she was not looking down when she stepped into the depression, while tending to show lack of care on her part, was not necessarily conclusive of the question. She was not required, nor is any pedestrian required, constantly to look down and thereby assume the danger of being run over." *Id.* at 162. From this, plaintiff asserts that "it follows that the law likewise does not require a pedestrian to constantly look up...." Pl.'s Opp'n at 5. However, whether or not the law requires a pedestrian to "constantly" look up is not at issue here; rather, the dispositive issue is whether common law precedents establish that a pedestrian who fails to look (at least briefly) to see if there is oncoming traffic before stepping into a busy street at rush hour is negligent as a matter of law.

█ In *Brown v. Rogers*, 19 Md.App. 562, 313 A.2d 547, 550 (1974), a suit on behalf of a ten-year-old plaintiff alleged negligence against the driver of the car that struck the child while she was crossing a street at the crosswalk. She saw defendant's car coming towards her but thought it was going to slow down. As she began to cross the street, the car struck her. After a jury found for the plaintiff, defendant appealed, arguing, among other things, that his motion for directed verdict should have been granted because

plaintiff was contributorily negligent as a matter of law. In holding that the issue of contributory negligence was properly presented to the jury, the court noted that under Maryland law, "[t]he pedestrian must [ ] exercise due care and caution to avoid injury and cannot cross blindly without looking for approaching traffic." *Id.* Applying this principle of the Maryland common law, the court held that

> [t]he pedestrian, however, *having looked before crossing and having seen no vehicle or a vehicle at a distance thought to be justifiably safe*, has the right to assume that a motorist will respect his right-of-way. The question of contributory negligence, therefore, is usually for the jury.

*Id.* (emphasis added). Only because the pedestrian "looked before crossing" did the court hold that the question of contributory negligence was properly presented to the jury. The court concluded that the fact that "plaintiff, in looking for approaching traffic before crossing, saw the defendant's car slowing down, was sufficient for the jury to have inferred that the plaintiff ... exercised due care for her own safety before crossing." *Id.* It is well-established in this Circuit that Maryland law is " 'the source of the District's common law and an especially persuasive authority when the District's common law is silent.' " *TMG II v. United States*, 1 F.3d 36, 41 (D.C.Cir.1993) (quoting *Napoleon v. Heard*, 455 A.2d 901, 903 (D.C.1983)).

█ In the instant case, plaintiff had a duty to "exercise due care and caution to avoid injury" and not to "cross blindly without looking for approaching traffic." *Brown*, 313 A.2d at 550. It can fairly be inferred from the *Brown* precedent that plaintiff's failure even to make one glance to see whether traffic was coming before stepping out into a traffic lane, coupled with plaintiff's failure to observe whether the traffic light had turned red to stop the Pennsylvania Avenue traffic, does not constitute "due care and caution to avoid injury." Although the issue of contributory negligence is usually a question of fact to be decided by a jury, it becomes a question of law where there is but one reasonable inference which may be drawn from undisputed facts. *See Lyons v.*

**8**

*Barrazotto,* 667 A.2d 314, 320 (D.C.1995); *Aqui v. Isaac,* 342 A.2d 370, 372 (D.C.1975). Here, no reasonable fact finder, given the undisputed facts that plaintiff stepped into heavily travelled Pennsylvania Avenue without looking (even briefly) for oncoming traffic or for traffic signals, could fail to conclude that she was contributorily negligent, as controlling common law precedent has defined negligence.

■ Moreover, plaintiff's negligence was a proximate cause of her injury. When asked in her deposition, "What circumstances, other than the person yelling 'look out,' would have caused you to return to the curb?," plaintiff answered, "If I realized traffic was still coming, I would have gone back." O'Connor Dep. at 25. It is a necessary inference that if she had looked before stepping into the traffic lane, she would have "gone back" before being startled by the oncoming bus and the passerby's shouted warning, and would not have fallen as she did.

Accordingly, an accompanying Order grants the District of Columbia's motion for summary judgment and dismisses all other pending motions as moot.